**UNITED STATES of America, Appellee,**

v.

**James J. GLIDDEN, Defendant–Appellant.**

**No. 973, Docket 95–1497.**

United States Court of Appeals, Second Circuit.

Argued Feb. 2, 1996.

Decided Feb. 20, 1996.

Paul J. Van De Graaf, Assistant United States Attorney, Burlington, Vermont (Charles R. Tetzlaff, United States Attorney for the District of Vermont, David V. Kirby, Assistant United States Attorney, Burlington, Vermont, on the brief), for Appellee.

E.M. Allen, Burlington, Vermont (Stetler & Allen, Burlington, Vermont, on the brief), for Defendant–Appellant.

Before: OAKES, KEARSE, and WINTER, Circuit Judges.

PER CURIAM:

Defendant James J. Glidden appeals from a judgment entered in the United States District Court for the District of Vermont convicting him, following his plea of guilty before Franklin S. Billings, Jr., Judge, of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (1994). Glidden was sentenced principally to 70 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, he contends principally that, in calculating his criminal history category under the federal Sentencing Guidelines ("Guidelines"), the district court improperly added two points, rather than one, for a 1990 assault conviction in Vermont state court for which his original sentence was suspended and he was placed on probation. For the reasons that follow, we conclude that his contentions are without merit.

In August 1990, Glidden was convicted of assault in Vermont state court and was sentenced to 30–60 days' incarceration, which was fully suspended, and probation. As permitted by Vermont law, Glidden's term of probation was to extend "until further order of the court." *See* 28 V.S.A. § 205 (1986). In 1993, Glidden was found to have violated his probation; the state court resentenced him to 30–60 days' incarceration, suspended all but 18 days of that sentence, and again imposed probation. Glidden served those 18 days of imprisonment in 1993. Approximate-ly three months later, he violated his probation again. For this second violation, the court revoked probation entirely and sentenced him to "30–60 days to serve." The court credited Glidden with the 18 days he had served in jail in 1993 following his prior probation violation, and Glidden served 42 days' imprisonment, *i.e.*, the remainder of his 60-day sentence, in 1994.

The present prosecution was begun in November 1994 after Glidden was arrested by federal authorities for unlawful possession of firearms, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to one count of possessing a firearm as a convicted felon, based on a prior state felony conviction in Massachusetts. In calculating Glidden's sentence under the Guidelines, the district court assessed Glidden a total of seven criminal history category ("CHC") points, including four points for his 1990 Vermont conviction.

With respect to the Vermont conviction, the district court, adopting the recommendations of the presentence report, assigned Glidden two CHC points under Guidelines § 4A1.1(b) because his original sentence was a maximum of 60 days, plus two points under § 4A1.1(e) because he committed the present offense less than two years after his last release from imprisonment in connection with the Vermont conviction, *see* Guidelines § 4A1.2(k)(2)(A) ("Revocation of probation ... may affect the points for § 4A1.1(e) in respect to the recency of last release from confinement."). Glidden contends principally that since he served his jail time in temporally discrete segments of less than 60 days each, his CHC should have been calculated under Guidelines § 4A1.1(c), which imposes one CHC point for prior sentences of less than 60 days, rather than § 4A1.1(b), which imposes two points for sentences of 60 days to 13 months. We disagree.

The Guidelines instruct the federal sentencing court in calculating a defendant's CHC to "[a]dd 2 points for each prior sentence of imprisonment of at least 60 days" but not more than 13 months. Guidelines § 4A1.1(b). The term "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty

plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). The term "sentence of imprisonment" is defined to mean "a sentence of incarceration and refers to the maximum sentence imposed." *Id.* § 4A1.2(b)(1). The commentary to § 4A1.2 states that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." Guidelines § 4A1.2 Application Note 2.

Guidelines § 4A1.2(a)(3) provides that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)," which deals with sentences that do not include incarceration for at least 60 days. Guidelines § 4A1.2(b)(2) provides that if part of the prior sentence of imprisonment was suspended, the defendant's " 'sentence of imprisonment' refers only to the portion that was not suspended."

Where a defendant was sentenced to a term of probation that was later revoked in favor of imprisonment, the Guidelines instruct the federal sentencing court to "add the original term of imprisonment [for the prior conviction] to any term of imprisonment imposed upon revocation." Guidelines § 4A1.2(k)(1). The commentary to subsection (k) explains that

> [r]ather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence.

Guidelines § 4A1.2 Application Note 11.

Glidden seizes on the phrase "upon revocation" to argue that his probation was not revoked until after his second probation violation, and that since he served only 42 days in jail as a result of that second violation, his CHC should have been calculated under § 4A1.1(c), which applies to sentences of less than 60 days. Glidden's interpretation is contrary to the Guidelines' premise that "[r]epeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation," and "aggravate[s] the need for punishment with each recurrence," Guidelines § 4A

Introductory Commentary, and we reject his contention on two grounds.

■ First, when a defendant has been given a suspended sentence of imprisonment and been placed on probation, and the court has thereafter, upon finding he violated probation, ordered him to serve a period of incarceration, we think it proper to view that order as at least a partial revocation of probation that falls within the scope of Guidelines § 4A1.2(k)(1). We interpret § 4A1.2(k)(1) and Application Note 11 to § 4A1.2(k) as requiring the district court to aggregate the period(s) that the defendant served in prison upon any partial revocation(s) of his probation with the period served upon any final revocation. If, adding the original sentence of imprisonment to all periods of imprisonment imposed upon revocation, whether partial or total, the court finds that the total prison time served was at least 60 days but not more than 13 months, the court should assign the defendant two criminal history points for that prior offense under Guidelines § 4A1.1(b).

■ In the present case, the state court's 1993 sentence for Glidden's first probation violation, which required him to serve 18 days in jail, was a partial revocation of the probation imposed by the original sentence. Those 18 days, plus the 42 days Glidden was later required to serve upon the complete revocation of his probation, totaled 60 days, bringing him within the scope of § 4A1.1(b). The district court properly assessed him two points under that section for his prior Vermont sentence.

■ Second, the result is the same even if we deem the state court's final order to be the only revocation of probation within the meaning of § 4A1.2(k). For the second probation violation, the state court sentenced Glidden to 30–60 days' incarceration; under § 4A1.2(b)(1), that was a 60–day sentence of incarceration—"the maximum sentence imposed." No part of that 60–day sentence was suspended; the state court merely gave Glidden credit for the 18 days that he had already spent in jail for his prior probation violation. The Guidelines provide that "criminal history points are based on the sentence

pronounced, not the length of time actually served." Guidelines § 4A1.2 Application Note 2. Accordingly, even if Glidden is deemed to have served only 42 days of his 60–day unsuspended sentence, the term of imprisonment imposed upon him on revocation was 60 days, and, again, § 4A1.1(b) was applicable.

Glidden's other contentions do not warrant discussion. We have considered all of his arguments on this appeal and have found them to be without merit. The judgment of conviction is affirmed.