**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reginald REED, Defendant–Appellant.**

**No. 95–2710.**

United States Court of Appeals,
Seventh Circuit.

Argued May 24, 1996.

Decided Aug. 28, 1996.

K. Tate Chambers, Timothy Bass (argued), Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Eugene J. Geekie, Jr. (argued), Debra Ann Kleban, Schiff, Hardin & Waite, Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and ROVNER and DIANE P. WOOD, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Reginald Reed was charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He pled guilty to that offense and was sentenced under the federal Sentencing Guidelines to a prison term of 51 months. Reed challenges that sentence here, arguing that the district court erred in assessing three criminal history points to a six-month prison sentence he received on a 1987 robbery conviction. The district court applied the three points after finding that the prison sentence exceeded one year and one month when two revocations of the sentence's probation component were taken into account. See U.S.S.G. § 4A1.2(k)(1). Reed argues, however, that the sentences imposed for his probation violations should not be considered because his probation was never actually revoked. Reed's appeal therefore requires us to interpret the phrase "revocation of probation" in section 4A1.2(k)(1) of the Guidelines. Because we believe that phrase is sufficiently broad to encompass what occurred in this case, we affirm Reed's sentence.

## I.

The dispute in this appeal focuses on the sentence Reed received on a 1987 robbery conviction in the Circuit Court of Cook County, Illinois. The presentence investigation report ("PSI") reveals the following about that sentence. Reed was under the age of eighteen when he committed the robbery, but he was prosecuted as an adult. He ultimately pled guilty and on June 30, 1987, was sentenced to a prison term of six months, with a four-year probation period to follow. On March 1, 1988, a warrant was issued which indicated that Reed had violated the terms of his probation. Reed apparently was jailed at the time, and on March 24, he came before a judge on the alleged violation. The judge found that Reed had violated the terms of his probation, sentenced him to 69 days in jail for that violation, and

then resentenced him to probation. Because Reed apparently had been jailed at least 69 days awaiting a hearing, however, and because he was given credit for time served, he was released after the March 24 hearing. Yet later the same year, Reed was arrested on a drug charge, and on October 28, 1988, a second probation violation warrant issued. On January 12, 1990, the state judge found that Reed again had violated the terms of his probation and sentenced him to an additional 249 days in jail, again giving Reed credit for the time he had served prior to the hearing. Reed was also at that point resentenced to probation. Reed's probation on the 1987 robbery conviction terminated unsuccessfully on August 9, 1990.

The PSI assigned three criminal history points to the 1987 robbery conviction, citing sections 4A1.1(a) and 4A1.2(k)(1) of the federal Sentencing Guidelines.[1] Section 4A1.1(a) requires that three criminal history points be assigned to "each prior sentence of imprisonment exceeding one year and one month." Although Reed originally was sentenced to a prison term of only six months on the robbery conviction, the probation officer added to that sentence the additional 318 days to which Reed was sentenced for his probation violations, all in accordance with U.S.S.G. § 4A1.2(k)(1). That section provides:

> In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.

U.S.S.G. § 4A1.2(k)(1). The probation officer found that under this section, Reed's ultimate sentence exceeded the "one year

and one month" threshold, requiring the assessment of three criminal history points.

Reed objected to the PSI's application of section 4A1.2(k)(1), arguing that although he had been sentenced to time-served on the probation violations, his probation had never actually been revoked as required by the guideline. The district court rejected Reed's argument and agreed with the probation officer. The three points assessed to Reed's sentence on the 1987 robbery conviction gave him a total of 12 criminal history points, placing Reed in criminal history category V. With a total offense level of 21, the Sentencing Table assigned to Reed an imprisonment range of 70 to 87 months. The district court departed downward from that range, however, after the government made a substantial assistance motion under U.S.S.G. § 5K1.1. The court sentenced Reed to a prison term of 51 months.

Reed argues in this appeal that his 1987 robbery conviction should not have been assessed any criminal history points under the Guidelines. Section 4A1.2(k)(1) is inapplicable, he contends, because his probation was never actually revoked. No points may be assigned to the original six-month sentence, moreover, because Reed was under the age of eighteen when he committed the robbery, and he was released from prison on that sentence more than five years prior to the instant offense, which he committed on August 6, 1994. See U.S.S.G. § 4A1.2(d).[2] Reed therefore contends that he should have been assigned 9 rather than 12 criminal history points, placing him in a lower criminal history category and thereby lowering his imprisonment range. With an equivalent substantial assistance departure, Reed believes that his sentence should be approximately ten months shorter than his current 51-month sentence.

---

1. We refer to the 1994 version of the Guidelines, as Reed was sentenced on July 11, 1995.

2. Section 4A1.2(d) provides:
   **(d) Offenses Committed Prior to Age Eighteen**
   (1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.
   (2) In any other case,

   (A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
   (B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

## II.

Reed's argument requires us to interpret the phrase "revocation of probation" in section 4A1.2(k)(1) of the Guidelines. It therefore presents a question of law that we consider de novo. *United States v. McDuffy*, 90 F.3d 233, 235 (7th Cir.1996); *United States v. Munoz–Cerna*, 47 F.3d 207, 209 (7th Cir. 1995).

Reed focuses on the fact that the PSI does not establish that his probation was actually revoked either in 1988 or 1990, although on each occasion he was sentenced to an additional imprisonment term. Reed points to the Illinois statute governing probation violations of minors, 705 ILCS 405/5–25(4), as support for his assertion that no revocation of probation occurred. That statute provides:

> After a hearing, the court may modify or enlarge the conditions of probation or of conditional discharge. If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation or conditional discharge, it may continue him on the existing disposition, with or without modifying or enlarging the conditions, or may revoke probation or conditional discharge and impose any other disposition that was available ... at the time of the initial disposition.

Reed contends that this statute, which differentiates between an order revoking probation and other orders that may result from a probation violation, proves his point that there was no revocation here. The government weighs in on the Illinois statute as well, observing that it presented the court with two options after the court found a probation violation: continuing the original sentence or revoking probation and imposing a new sentence. In the government's view, the court chose the latter option on each occasion, as it did not merely continue Reed's existing sentence, but sentenced him to an imprisonment term for each violation (albeit time-served) and then resentenced him to probation.

■ Although the Illinois statute may be useful in providing information about the options available to the sentencing court at the time of Reed's violations, it cannot answer the ultimate question posed here—whether the finding of a violation coupled with the imposition of a time-served prison sentence and a resentencing to probation qualifies as a "revocation of probation" under the federal Sentencing Guidelines. Like any other federal statute, the Guidelines must be interpreted in accordance with federal law, even when those Guidelines refer to some event occurring in state court. *See, e.g., United States v. Booker*, 71 F.3d 685, 688–89 & n. 5 (7th Cir.1995); *United States v. Phipps*, 68 F.3d 159, 161 (7th Cir.1995); *United States v. Smith*, 5 F.3d 259, 262 (7th Cir.1993). Nothing in section 4A1.2(k)(1) suggests that we should look to state law in determining what constitutes a "revocation of probation." *See Phipps*, 68 F.3d at 161. Although the various states may treat the same judicial response to a probation violation differently as a matter of state law, the federal courts must apply a singular federal definition of that phrase in order to promote the Guidelines' goal of national uniformity. *See id.* We therefore put the Illinois statute to one side in interpreting the relevant section of the Guidelines.

■ It is true, as Reed insists, that the PSI does not indicate that Reed's probation actually was revoked either in 1988 or 1990. The PSI reveals only that probation violations occurred, that the Illinois court sentenced Reed to a time-served jail term for each violation, and that the court then resentenced Reed to probation. As a result, Reed was released from state custody after each revocation hearing. Yet we believe that the circumstances here must be considered as a "revocation of probation" under section 4A1.2(k)(1).

The commentary to that section explains that it actually is designed to benefit the defendant by limiting the number of criminal history points that may be assigned to a single conviction (three), even if the defendant served multiple prison sentences on that conviction due to violations of his probation. U.S.S.G. § 4A1.2, comment. (n.11); *see also United States v. Rich*, 900 F.2d 582, 586 (2d Cir.1990); U.S.S.G. § 4A1.1(a) (assigning a maximum of three points to the longest prior

prison sentences). Without section 4A1.2(k)(1)'s aggregation rule, it is possible that criminal history points could be assessed to each sentence individually under section 4A1.1, causing a defendant to be assigned more than three criminal history points for a single underlying conviction. Consider a slight variation on the present circumstances, for example. Assume that the underlying six-month sentence on Reed's 1987 robbery conviction and the sentences imposed for each probation violation all were served within five years of the instant offense. Because Reed was under the age of eighteen when he committed the robbery, its treatment for purposes of his criminal history is governed by section 4A1.2(d). Under that section, Reed would receive six criminal history points for a single robbery conviction—two for each of his three separate periods of confinement because each sentence was at least sixty days in length. U.S.S.G. § 4A1.2(d)(2)(A). Under section 4A1.2(k)(1)'s aggregation rule, however, Reed's robbery conviction would be assessed a maximum of three criminal history points despite the fact that it occasioned three separate imprisonment sentences. *See* U.S.S.G. § 4A1.2(k)(1) & comment. (n.11). Thus, the aggregation rule generally will operate to the benefit of a defendant like Reed. He contests its application here only because he completed both the original six-month sentence and the 69–day sentence for the 1988 probation violation more than five years before his present offense, meaning that under section 4A1.2(d)(2), those sentences would not be considered absent the aggregation rule. *See* U.S.S.G. § 4A1.2(k)(2)(B) (a revocation of probation "may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e).").[3]

Our conclusion that the finding of a probation violation coupled with a time-served imprisonment sentence and a resentencing to probation constitutes a "revocation of probation" under section 4A1.2(k)(1) finds support in the Second Circuit's decision in *United*

*States v. Glidden,* 77 F.3d 38 (2d Cir.1996) (per curiam). There, the court considered the number of criminal history points to be assigned a state court conviction on which the defendant initially received a 30 to 60 day suspended sentence and an open-ended sentence of probation. Like Reed, Glidden then violated the terms of his probation on two occasions. For the first violation, he was resentenced to 30 to 60 days' incarceration with all but 18 of those days suspended, and was then recommitted to probation. Yet after the second violation, the state court revoked Glidden's probation entirely and resentenced him to the same 30 to 60 day imprisonment term. This time, however, the court did not suspend any portion of that sentence but instead credited Glidden with the 18 days he had served after the first violation. Glidden therefore served 42 additional days for a total of 60. *Id.* at 39. The Second Circuit concluded that the district court properly assessed two criminal history points to this sentence under section 4A1.1(b), and in the process, it rejected Glidden's argument that his probation had not been revoked for purposes of section 4A1.2(k)(1) until after the second violation:

> [W]hen a defendant has been given a suspended sentence of imprisonment and been placed on probation, and the court has thereafter, upon finding he violated probation, ordered him to serve a period of incarceration, we think it proper to view that order as at least a partial revocation of probation that falls within the scope of Guidelines § 4A1.2(k)(1). We interpret § 4A1.2(k)(1) and Application Note 11 to § 4A1.2(k) as requiring the district court to aggregate the period(s) that the defendant served in prison upon any partial revocation(s) of his probation with the period served upon any final revocation.... In the present case, the state court's 1993 sentence for Glidden's first probation violation, which required him to serve 18 days in jail, was a partial revocation of the probation imposed by the original sen-

**3.** Even under Reed's scenario, however, his 249–day sentence for the 1990 probation violation would still receive two criminal history points under section 4A1.1(b) (see U.S.S.G. § 4A1.2(d)(2)(A)), because Reed was released from custody on that sentence within five years of the instant offense. He thus would have 11 criminal history points under that alternative calculation, which still would leave him with his current criminal history category of V.

tence. Those 18 days, plus the 42 days Glidden was later required to serve upon the complete revocation of his probation, totaled 60 days, bringing him within the scope of § 4A1.1(b).

*Id.* at 40. So too here, for when Reed was found to have violated the terms of his probation and was sentenced to an imprisonment term equal to the time he had served prior to the revocation hearing, his probation was at least partially revoked for purposes of section 4A1.2(k)(1).

Our holding also is not inconsistent with *United States v. Stewart*, 49 F.3d 121 (4th Cir.1995), on which Reed relies. The issue in that case was whether the defendant's "24–day detention while awaiting his parole violation hearing amounted to an 'imprisonment on a sentence' within the meaning of U.S.S.G. § 4A1.1(e) where parole was not revoked and where a sentence was not reimposed." *Id.* at 122. After looking to section 4A1.2(k) for guidance, the Fourth Circuit concluded that it did not, principally because the defendant had merely been detained pending a revocation hearing after which his parole had not been revoked and no new sentence had been imposed. *Id.* at 124–25. The court determined that this type of detention was largely "administrative in nature" and that it therefore should not affect the defendant's criminal history. *Id.* at 125. To hold otherwise, the court concluded, would be to penalize the defendant "for something for which the state authorities themselves decided not to punish him." *Id.*

In the present case, however, the state authorities twice punished Reed for violating his probation; on each occasion, the court imposed a new prison sentence addressed to the violation but limited that sentence to time already served. This is not a case like *Stewart*, then, where the relevant period of incarceration can be called purely "administrative." Like the *Glidden* court, we consider the new sentences here to be partial revocations of Reed's probation that necessarily bring section 4A1.2(k)(1) into play.

AFFIRMED.