UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

THOMAS DALE RICE,
　　　　　*Defendant-Appellant.*

No. 00-4051

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-99-28)

Argued: December 8, 2000

Decided: May 3, 2001

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Randy Virlin Cargill, MAGEE, FOSTER, GOLDSTEIN
& SAYERS, P.C., Roanoke, Virginia, for Appellant. Anthony Paul
Giorno, Assistant United States Attorney, Roanoke, Virginia, for
Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States Attorney,
Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Thomas Dale Rice was indicted for crossing the state line between West Virginia and Virginia for the purpose of engaging in a sexual act with a thirteen-year-old adolescent. *See* 18 U.S.C.A. § 2423(b) (West 2000). Rice pled guilty and was sentenced to a prison term of sixty-three months. He appeals his sentence on the ground that the district court erred in applying United States Sentencing Guidelines Manual (U.S.S.G.) § 2A3.1 rather than § 2A3.2. We are constrained to agree. We vacate Rice's sentence and remand the matter to district court for further consideration.

I.

In February 1999, using the screen name "EP Mentor," Rice came into contact with a law enforcement investigator posing as "Matt" in an Internet "chat room." "Matt" told Rice that he was thirteen years old.[1] Rice was fifty-eight years old at the time. "Matt" talked to Rice about questions "Matt" was having regarding his sexual orientation, and Rice offered to answer questions about homosexuality, described a variety of homosexual acts, and offered to meet "Matt" to perform certain acts of intercourse with "Matt." The Internet conversations between Rice and "Matt" progressed to the point that Rice revealed his real name and sent "Matt" pictures of himself, his car, and his home. He also gave "Matt" phone numbers where he could be reached during this time period. Eventually, after a number of e-mails and telephone calls, Rice, who lived in West Virginia, arranged to meet "Matt" at a motel in Bedford, Virginia, where the boy supposedly

---

[1]There is some discrepancy in the record about whether the investigator initially indicated that "Matt" was thirteen or fourteen years old, but Rice concedes that the investigator eventually told him that "Matt" was thirteen years old.

lived. On February 20, 1999, Rice drove from West Virginia to Bedford and registered at the motel under the name "E.P. Mentor." After making preparations for the sexual activity, Rice drove to a school where he had arranged to meet "Matt" and was there arrested.

Rice pled guilty to violating 18 U.S.C.A. § 2423(b), which makes interstate travel with intent to engage in a sexual act with a juvenile a criminal offense:

> Travel with intent to engage in sexual act with a juvenile.—
> A person who travels in interstate commerce . . . for the purpose of engaging in any sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States shall be fined under this title, imprisoned not more than 15 years, or both.

18 U.S.C.A. § 2423(b).[2]

Rice was sentenced in January 2000. Under the 1998 version of the sentencing guidelines, which was then appropriate to use, the district court was faced with three potentially applicable sentencing guidelines for Rice's violation of section 2423(b): U.S.S.G. § 2A3.1, U.S.S.G. § 2A3.2, and U.S.S.G. § 2A3.3. *See* U.S.S.G. App. A. When more than one guideline is applicable for a particular statute, the sentencing court must "use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. App. A, intro. comment.; *see* U.S.S.G. § 1B1.2, comment. (n.1) (1998).

Rice contended, as did the probation officer who prepared the presentence report, that the most appropriate sentencing guideline for his offense was U.S.S.G. § 2A3.2, entitled "Criminal Sexual Abuse of a Minor (Statutory Rape) or Attempt to Commit Such Acts," which imposed a base offense level of 15. By contrast, the Government

---

[2]Rice also pled guilty to using certain personal property in the commission of the underlying offense and agreed to the forfeiture of the property. *See* 18 U.S.C.A. § 2253 (West 2000).

asserted that the most appropriate guideline was U.S.S.G. § 2A3.1 — "Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse" — which fixed a more substantial base offense level of 27.

The district court agreed with the government that U.S.S.G. § 2A3.1 was the proper guideline. The district court observed that § 2A3.2 was "analogous to simple statutory rape." J.A. 53. However, the district court concluded that Rice's conduct, if successful, "would not have been simple statutory rape" but "would have been more analogous to sexual abuse." J.A. 53. The court based this conclusion on the age disparity between Rice and "Matt" as well as the supposed immaturity and naivety of the ostensible victim. Accordingly, the district court applied U.S.S.G. § 2A3.1 in determining Rice's sentence and imposed a term of 63 months.

## II.

We review the sentencing court's selection of the appropriate guideline *de novo*. *See United States v. Davis*, 202 F.3d 212, 218 (4th Cir.), *cert. denied*, 120 S. Ct. 2675 (2000). Our task is simply to select the most appropriate guideline for the nature of the offense by "compar[ing] the guideline texts with the charged misconduct." *United States v. Lambert*, 994 F.2d 1088, 1092 (4th Cir. 1993). When a defendant is to be sentenced for a crime such as Rice's where the gravamen of the offense is crossing a state line with intent to commit one of several defined crimes, we hold that in choosing between allowable guidelines sections the court should use the guideline for the offense that the court reasonably finds, based upon all the facts and circumstances, would have been committed if the defendant's efforts had continued to fruition. With this principle in mind, we review the issue before us.

The district court selected the criminal sexual abuse guideline set forth in U.S.S.G. § 2A3.1. This guideline was drafted to cover conduct prohibited by 18 U.S.C.A. §§ 2241 and 2242 (West 2000). Broadly speaking, sections 2241 ("Aggravated sexual abuse") and 2242 ("Sexual abuse") criminalize conduct in which the victim, regardless of his or her age, has been coerced into sexual activity by force or threats, or conduct in which a person has engaged in sexual activity with an incapacitated victim. *See* 18 U.S.C.A. §§ 2241, 2242.

Section 2241 covers sexual abuse under aggravated circumstances that unquestionably are not present in this case, including the actual application of force or the use of death threats against the victim. *See* 18 U.S.C.A. § 2241(a).

Section 2242 is likewise inapplicable to Rice's anticipated misconduct. Section 2242 provides:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly—
>
> (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping); or
>
> (2) engages in a sexual act with another person if that other person is—
>
>> (A) incapable of appraising the nature of the conduct; or
>>
>> (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act;
>
> or attempts to do so, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C.A. § 2242. We find nothing in the indictment or the record of Rice's guilty plea that convinces us that Rice threatened "Matt" or attempted to place him in fear or otherwise overcome his will such that the intended sexual encounter would have been nonconsensual.[3]

---

[3]Likewise, Rice's charged misconduct simply does not indicate that Rice attempted to employ deception and "psychological force" in persuading "Matt" to agree to a rendezvous. The Government argues that Rice applied "psychological force" by telling "Matt" that Rice was a "fa-

Rice's offense conduct, therefore, fits better within the attempted statutory rape guideline — U.S.S.G. § 2A3.2. This guideline specifically refers to the federal statute criminalizing sexual abuse of a minor, 18 U.S.C.A. § 2243(a) (West 2000), which makes it a crime to "knowingly engage[ ] [or attempt to engage] in a sexual act with another person who— (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C.A. § 2243(a). The conduct proscribed by this provision would be consensual but for the age of the victim. Rice's plan falls within this guideline more comfortably than the criminal sexual abuse guideline. Despite the offensive nature of Rice's proposal, he never threatened or attempted to coerce "Matt" and there is nothing before us indicating that he intended to do so. Rice was also forthcoming about his age, his own identity, and the conduct he proposed. There was no secret scheme, so far as the record goes, that Rice concealed from "Matt." Thus, we are unable to say that the proposed encounter would not have been consensual.

Moreover, the Government's position leads to an unlikely result. On *this* record, had Rice actually carried out his plan to completion, his conduct could not have constituted sexual abuse under section 2242, which would have required Rice to have threatened "Matt" or placed him in fear, unless "Matt" was "incapable of appraising the nature of the conduct." 18 U.S.C.A. § 2242(2)(A). The factual basis for Rice's plea simply does not allow us to conclude without exces-

---

ther figure" who could not only instruct "Matt" in sexual matters but could also provide exciting opportunities for "Matt" to participate in various activities that would interest a thirteen-year-old boy. None of this evidence, however, was charged in the indictment or put into the record during Rice's guilty plea. Thus, it would be inappropriate to consider this evidence *in the initial selection* of the proper guideline. *See Lambert*, 994 F.2d at 1092 (explaining that "selection of the appropriate sentencing guideline must turn . . . on the perceived similarity of the crime charged in the indictment and the guideline ultimately selected"); U.S.S.G. § 1B1.2 comment. (backg'd) ("Where a stipulation . . . made between the parties on the record during a plea proceeding specifically establishes facts that prove a more serious offense . . . than the offense [charged in the indictment], the court is to apply the guideline most applicable to the more serious offense.").

sive speculation that "Matt" was incapable of understanding what Rice was proposing. Rice's proposed conduct did not rise to the level of attempted sexual abuse but would have instead, if completed, constituted the crime of statutory rape. Therefore, U.S.S.G. § 2A3.2 is the applicable guideline in this case.

We hasten to add, however, that the factors identified by the district court — such as the ostensible victim's tender years and the age disparity between the two, as well as the use of the Internet — may indeed make Rice's offense different from the run-of-the-mill statutory rape and remove this case from the heartland of cases sentenced under U.S.S.G. § 2A3.2. Although the district court suggested it would depart upward if we determined U.S.S.G. § 2A3.2 was the proper guideline, it did not in fact depart or follow the procedure outlined in *Koon v. United States*, 518 U.S. 81 (1996). Accordingly, that issue is not currently before us.

We also reject the Government's argument that statements in the Background Commentaries dictate a different result. The Government first refers to language appended to U.S.S.G. § 2A3.1 which states: "Sexual offenses addressed in this section are crimes of violence." U.S.S.G. § 2A3.1 comment. (backg'd) (1998). From this the Government argues that Rice's proposed conduct would have been a crime of violence and hence covered by § 2A3.1 only. The Government points to the fact that Rice was much older than the purported victim and argues that his conduct presented a substantial risk of physical harm and a substantial risk that, during the rendezvous, Rice would end up employing physical force to ensure "Matt's" compliance. Given the complete disclosures made in this case, we are not comfortable with this degree of speculation. Simply as a matter of logic, it seems to us the same risks identified by the Government inhere in conduct that violates section 2243(a) even if there is no extreme age disparity.

Additionally, the Background Commentary to U.S.S.G. § 2A3.1 provides as follows: "Any criminal sexual abuse with a child less than twelve years of age, regardless of 'consent,' is governed by § 2A3.1." The government's argument implies that, even absent sufficient indicia of violence or force, "Matt's" young age — thirteen — renders § 2A3.1 applicable. Were we to agree, we would necessarily adopt a

categorical rule mandating the application of § 2A3.1 instead of § 2A3.2 when the contemplated sexual offense involves a thirteen year old victim. Given that the Guidelines currently provide for such a categorical rule with respect to victims who are under the age of twelve, we decline to extend the rule to thirteen year old victims.

Second, the Government argues that the Background Commentary to U.S.S.G. § 2A3.2 controls our decision. It reads in toto as follows: "This section applies to sexual acts that would be lawful but for the age of the victim. It is assumed that at least a four-year age difference exists between the victim and the defendant, as specified in 18 U.S.C. § 2243(a). An enhancement is provided for a defendant who victimizes a minor under his supervision or care." The Government directs our attention to the first sentence and asserts that the test of lawfulness should be under state law. Because Virginia outlaws the particular sexual acts Rice proposed, the Government believes U.S.S.G. § 2A3.2 should be excluded from consideration.

We do not accept the Government's argument. The statute under which the defendant was prosecuted expressly requires that the sexual act intended be one as defined by federal law, and prosecutable as well as a federal offense:

> A person who travels in interstate commerce . . . for the purpose of engaging in any sexual act (*as defined in section 2246*) with a person under 18 years of age *that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States* shall be fined under this title, imprisoned not more than 15 years, or both.

18 U.S.C.A. § 2423(b) (emphasis added). Given these statutory requirements, we decline to pull a sentence out of the Background Commentary to impose another layer of consideration that would be based on the vagaries of state laws regulating sexual activities. Indeed, to do so would be inconsistent with the policies underlying the Sentencing Guidelines. A primary Congressional aim in establishing the Sentencing Guidelines was the promotion of "reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offend-

ers." U.S.S.G. Ch. 1 Pt. A, p.s. Although we recognize that the Sentencing Guidelines direct us to refer to state law on occasion, *see, e.g.*, U.S.S.G. § 4B1.2 (defining "crime of violence" to include "offense[s] under federal or state law"), we should read the Guidelines with federal law in mind unless specifically instructed otherwise. *See United States v. Reed*, 94 F.3d 341, 344 (7th Cir. 1996) (explaining that "[l]ike any other federal statute, the Guidelines must be interpreted in accordance with federal law, even when those Guidelines refer to some event occurring in state court" and noting that the Guidelines section at issue contained "[n]othing . . . suggest[ing] that [the court] should look to state law").

## III.

In sum, we conclude that U.S.S.G. § 2A3.2, the statutory rape guideline, is the most analogous guideline for Rice's offense. Accordingly, we vacate Rice's sentence and remand for the sentencing court to apply that guideline and for further consideration, including whether an upward departure would be appropriate.

*VACATED AND REMANDED*