**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin PAPAY, Defendant–Appellant.**

**No. 04–1325.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 20, 2004.

Decided Dec. 29, 2004.

Andrew B. Baker, Jr., Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Kevin Papay, Federal Correctional Institution, Manchester, KY, pro se.

COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Kevin Papay pleaded guilty to possessing a firearm after sustaining a felony conviction, 18 U.S.C. § 922(g)(1), and was sentenced to 77 months' imprisonment. Papay filed a notice of appeal, but his appointed counsel moves to withdraw because he is unable to discern a nonfrivolous issue for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Papay filed a response to his attorney's motion, *see* Cir. R. 51(b), and so we limit our review to those potential issues discussed in the brief accompanying counsel's *Anders* motion and in Papay's response. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel first considers arguing that the district court erred in determining that Papay had at least two convictions for "crimes of violence," which resulted in a ten-level increase in the base offense level for his gun conviction. *See* U.S.S.G. § 2K2.1(a)(2), (6). A crime of violence is any offense punishable by imprisonment for more than one year that meets one of several criteria, among those that the offense involved "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2); *see id.* § 2K2.1, comment. (n.1). Papay incurred felony convictions for driving while intoxicated in 2000 and twice again in 2002 (though the indictment mentions only one of the 2002 convictions). Counsel questions whether Papay might contend that driving while intoxicated should not qualify as a crime of violence, but the transcript of his sentencing hearing shows that Papay was aware of that potential argument but nonetheless told the district court that he had no objection to the calculation of his offense level. The issue, then, was likely waived at sentencing and could not be presented on appeal. *See United States v. Martinez–Jimenez,* 294 F.3d 921, 923 (7th Cir.2002); *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Regardless, we have previously held that drunk driving is a reckless act that presents a serious risk of physical injury, and therefore qualifies as a crime of violence under § 4B1.2(a)(2). *United States v. Rutherford,* 54 F.3d 370, 376–77 (7th Cir.1995); *see also United States v. Cole,* 298 F.3d 659, 662 (7th Cir.2002). Thus any argument that the district court erred in set-

ting the base offense level under § 2K2.1(a) would be frivolous.

■ Counsel next considers arguing that the district court erroneously computed Papay's criminal history score by factoring in suspended terms of imprisonment in assigning criminal history points for two of Papay's convictions. *See* U.S.S.G. § 4A1.1(a), (b) (prison sentences are scored at 2 points if over 60 days and 3 points if more than 13 months); *id.* § 4A1.2(b)(2) ("sentence of imprisonment" for purposes of § 4A1.1 does not include suspended portion of term imposed). In one case Papay was sentenced to 180 days, with all but 50 days suspended, followed by a term of probation; in the other case he was given a prison sentence of 18 months that was entirely suspended in favor of probation. Each time, however, Papay violated his probation and was ordered to serve a prison term equal to the term originally imposed, so the district court assigned two criminal history points to the first conviction and three points to the second. Counsel considers arguing that the district court should have assigned points based only on those portions of the sentences that were not originally suspended, but this argument would be frivolous. The guidelines explicitly provide that, in assigning points under § 4A1.1, the length of a sentence of imprisonment includes any term imposed as a result of violating probation. U.S.S.G. § 4A1.2(k)(1); *see United States v. Reed*, 94 F.3d 341, 345–46 (7th Cir.1996).

■ Finally, counsel discusses whether Papay might argue that the district court erred by not granting him a downward departure on the premise that his criminal history score overstated the seriousness of his past conduct. *See* U.S.S.G. § 4A1.3(b)(1). But this too would be a frivolous contention. The district court acknowledged its authority to depart on this ground but explicitly stated that "I just choose not to do that." Where, as here, a district court recognizes its discretion to grant a downward departure but declines to do so, we lack jurisdiction to review that decision. *United States v. Atkinson*, 259 F.3d 648, 652–53 (7th Cir.2001).

Papay additionally suggests that the district court's use of his prior convictions to increase his sentence is unconstitutional under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), because the fact that he had been convicted of those crimes was never submitted to a jury and proven beyond a reasonable doubt. But this argument would be frivolous. Even after *Blakely*, the existence of a prior conviction need not be proven beyond a reasonable doubt. *See United States v. Pittman*, 388 F.3d 1104, 1109 (7th Cir.2004) (recognizing that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), survives *Blakely*); *United States v. Booker*, 375 F.3d 508, 510 (7th Cir.2004) (same). Furthermore, the characterization of a prior conviction as a crime of violence is a legal rather than a factual question, *United States v. Bryant*, 310 F.3d 550, 552 (7th Cir.2002), and as such is unaffected by *Blakely*. *See United States v. Trala*, 386 F.3d 536, 547 n. 15 (3d Cir. 2004) (holding that whether an offense is a crime of violence or controlled substance offense is a legal question that raises no issue of fact under *Blakely or Apprendi*).

The potential issues identified by counsel and by Papay are indeed frivolous. Accordingly, we GRANT the motion to withdraw and DISMISS this appeal.