**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4163**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BURUDI JARADE FAISON, a/k/a Burudi Faison,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:19-cr-00027-GJH-1)

Submitted: November 24, 2020                    Decided: January 5, 2021

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Burudi Jarade Faison, Appellant Pro Se. Gary Michael Morgan, Jr., Assistant United States Attorney, Elizabeth G. Wright, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Burudi Jarade Faison, proceeding pro se, appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and his resulting 77-month sentence. He also appeals from the sentence imposed upon revocation of a prior supervised release term. We affirm Faison's § 922(g) conviction and sentence and dismiss the appeal from his revocation of supervised release.

I.

Faison first raises several arguments related to the Government's motion to strike language referring to one firearm from the indictment. We review a district court's decision striking certain language from an indictment for abuse of discretion. *United States v. Hartsell*, 127 F.3d 343, 353 (4th Cir. 1997). Due process is not offended when an amendment "drop[s] from an indictment those allegations that are unnecessary to an offense that is clearly contained within it." *United States v. Miller*, 471 U.S. 130, 144 (1985); *see also United States v. Bledsoe*, 898 F.2d 430, 432 (4th Cir. 1990) (changes that do not alter an essential element to the prejudice of a defendant may be corrected by amendment). Amendments to indictments implicate federal constitutional rights only where the amendment changes the offense charged. *Stirone v. United States*, 361 U.S. 212, 217 (1960).

In this case, the amendment did not change the offense charged. Faison was charged with possession of a firearm by a convicted felon. While the indictment listed two firearms, each firearm could independently sustain a conviction. Thus, the second firearm was "merely surplusage," and the stricken language was "unnecessary to and independent of

2

the offense" charged. *See Miller,* 471 U.S. at 136. Because "the offense proved was fully contained within the indictment" and nothing was added to the indictment, the district court did not abuse its discretion in granting the Government's motion to strike. *Id.* at 137.

Faison also contends that the indictment was duplicitous. An indictment is duplicitous if it charges two offenses in one count; however, the simultaneous possession of multiple firearms generally constitutes only one violation of § 922(g). *United States v. Robinson*, 855 F.3d 265, 270 (4th Cir. 2017). In other words, a defendant violates § 922(g) once when he possesses at one time and place "any firearm or ammunition," 18 U.S.C. § 922(g); it does not matter if he has one, two, three, or more firearms. A defendant who possesses firearms or ammunition at different times or places, on the other hand, commits multiple violations of § 922(g). *Robinson,* 855 F.3d at 270. Here, Faison committed one violation because he possessed the two guns at the same time and place, and the indictment originally properly charged this single violation in one count.

Next, Faison alleges that it was improper to charge him with a § 922(g) offense for the stricken firearm, because that firearm did not have a serial number. As such, Faison asserts that the proper charge would have been possession of a firearm without a serial number. However, while certain conduct can support more than one criminal charge, there was no error, and certainly no prejudicial error, in failing to bring an additional charge. In addition, there was no error in initially including the descriptive language about the serial

3

number, even though it was irrelevant to a § 922(g) charge; such description was mere surplusage. *See United States v. Hartz,* 458 F.3d 1011, 1021-22 (9th Cir. 2006).[1]

## II.

We review a sentence for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553 factors, or failing to adequately explain the sentence. *Id*. When reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008). The burden is on the Government to

---

[1] Faison also asserts that the district court should not have permitted evidence of the firearm no longer included in the indictment. Federal Rule of Evidence 404(b) "allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). However, "Rule 404(b) does not affect the admission of evidence that is intrinsic to the alleged crime." *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020) (internal quotation marks omitted). Prior bad acts are "intrinsic to the charged offense when they are inextricably intertwined" with that offense, meaning the prior bad acts "form an integral and natural part of the witness's accounts of the circumstances surrounding the charged offense." *United States v. Denton*, 944 F.3d 170, 186 (4th Cir. 2019) (brackets and internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2585 (2020).

We conclude that the district court did not abuse its discretion in determining that evidence regarding the second firearm was intrinsic. The two firearms were found together on Faison. In fact, it was the fact that the stricken firearm was unusual, was seen under Faison's shirt, and lacked a serial number that alerted the officers to potential illegal activity. Because testimony regarding the stricken firearm was necessary to tell the story of the crime, there was no error in the admission of this evidence.

4

establish by a preponderance of the evidence that a sentencing enhancement should be applied. *See United States v. Manigan*, 592 F.3d 621, 628-29 (4th Cir. 2010).

Faison first challenges the application of 3 criminal history points for a 1998 conviction. In 1998, Faison was convicted of failing to return leased property. He was sentenced in Virginia state court to two years' incarceration, with one year suspended, and two years' probation.[2] In 2003, he was sentenced to six months in prison and one year of probation for violation of probation. Faison avers that neither sentence should have been counted, given their age and length.

> Section 4A1.2(e)(1) of the U.S. Sentencing Guidelines Manual provides that
>
> [a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Further, "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." USSG § 4A1.2(e)(2). However, in the case of the revocation of probation, the original term of imprisonment should be added to any term of imprisonment imposed upon revocation. The resulting total is then used to compute the criminal history points for USSG § 4A1.1(a), (b), or (c).[3] USSG § 4A1.2(k).

---

[2] For purposes of this issue, the suspended portion of the sentence is not counted as part of the sentence of imprisonment. *See* USSG § 4A1.2(b)(2).

[3] These sections impose 3 points for each prior sentence of imprisonment exceeding one year and one month, 2 points for sentences exceeding 60 days, and 1 point for all other sentences.

5

Here, Faison was released from prison sometime after September 5, 2003, when he was sentenced to one year in prison for a probation violation. The instant offense occurred on September 5, 2018, meaning that Faison's release from prison was within 15 years of the instant offense. In addition, the two sentences combined exceeded one year and one month in prison. Accordingly, the combined sentences were properly scored. *See United States v. Romary,* 246 F.3d 339, 342-43 (4th Cir. 2001) (finding that a revocation sentence was punishment for the original offense, such that it was properly counted for career offender purposes, even though original offense was not imposed within fifteen years of the current offense); *see also United States v. Glidden,* 77 F.3d 38, 40 (2d Cir. 1996) (applying USSG § 4A1.2(k) and approving criminal history points for combination of original sentence and two violation of probation sentences, even though presumably the individual sentences would have scored less).

III.

Section 2K2.1(b)(6) of the Guidelines provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." "'Another felony offense,' for purposes of subsection (b)(6), means any federal, state, or local offense[] . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). Faison challenges his enhancement under this section.

Here, the district court found that the felony was first degree assault, in violation of Md. Code Ann., Crim. Law. § 3-202. Faison contends that this statute requires an actual assault and attempt is not covered. Faison is mistaken. The statute states that "[a] person

6

may not intentionally cause or attempt to cause serious physical injury to another." Because the statute explicitly includes attempt, the district court did not err in determining that Faison's conduct constituted first degree assault under Maryland law.[4]

IV.

Faison argues that the district court improperly instructed the jury regarding his justification defense. We review a district court's decision to give a jury instruction and the content of the instruction for abuse of discretion. *See United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996). When jury instructions are challenged on appeal, the issue is whether, taken as a whole, the instructions fairly stated the controlling law. *United States v. Cobb*, 905 F.2d 784, 788-89 (4th Cir. 1990) (noting that this court should not "conduct a search for technical error").

The district court instructed the jury as follows:

The defendant has raised as a defense that he was justified by necessity in committing the offense charged in Count One of the superseding indictment. If you find that the Government proved beyond a reasonable doubt that the defendant committed the offense charged, then you must consider whether the defendant's actions were justified by necessity, as I will define that for you. If you find that the Government proved that the defendant committed the offense charged, and you also find that the defendant proved that he was justified by necessity in committing the offense, then you must find the defendant not guilty of the charge.

---

[4] Faison also contends that his base offense level was improperly enhanced under USSG § 2K2.1(a)(4)(B)(i) for possession of a weapon because the offense involved a semi-automatic firearm capable of accepting a large capacity magazine. Specifically, Faison alleges error in the failure to present this issue to the jury, thereby improperly increasing his minimum sentence under *Alleyne v. United States,* 570 U.S. 99 (2013). However, this factual finding did not alter Faison's statutory sentencing scheme, and *Alleyne* explicitly affirmed a district court's broad sentencing discretion, informed by judicial fact-finding. *Id.* at 116.

> To find that the defendant's actions were justified by necessity and, therefore, that he is not guilty of the offense charged in Count One of the superseding indictment, you must find that the defendant proved by a preponderance of the evidence each of the following four elements. First, that he was under unlawful and present threat of death or serious bodily injury; second, that he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; third, that he had no reasonable legal alternative to both the criminal act and the avoidance of the threatened harm. In deciding that element, the jury should consider whether the defendant took reasonable steps to dispossess himself of the weapon once the threat entitling him to possess it had abated. And, fourth, that there is a direct causal relationship between the criminal action and the avoidance of the threatened harm.

(E.R. 1966-67).

Faison first contends that the district court improperly altered his defense from "justification" to "justification by necessity." However, Faison does not explain how this was prejudicial to him, or how his "justification" defense differed from a "justification by necessity" defense. We find that these terms are legally interchangeable. *See, e.g., United States v. White*, 552 F.3d 240, 245-46 (2d Cir. 2009); *United States v. Wofford,* 122 F.3d 787, 789 n.1 (9th Cir. 1997).

Faison also asserts that the language requiring dispossession was improper. However, this was a proper statement of the law. *See United States v. Ricks,* 573 F.3d 198, 203 (4th Cir. 2009) (holding that "a defendant seeking a justification instruction must produce evidence that he took reasonable steps to dispossess himself of the weapon once the threat entitling him to possess it abated"). The dispossession language was merely an example/explanation of the third element (with which Faison agrees) and was fully consistent with *Ricks.* Accordingly, the district court did not abuse its discretion in this regard.

V.

Federal Rule of Criminal Procedure 29 requires that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. We review a denial of a Rule 29 motion de novo. *United States v. Alerre*, 430 F.3d 681, 693 (4th Cir. 2005). In so doing, we must "sustain a guilty verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *Id.* "[S]ubstantial evidence" is "'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.*

Faison contends that the district court should have granted his motions for judgment of acquittal because he had presented evidence of each and every element of his justification defense. However, whether a defense has been proven is an issue for the jury. Judgments of acquittal are focused on whether the Government has produced sufficient evidence to support a guilty verdict. Faison does not challenge the Government's proof on appeal, and thus, the district court did not err in denying his motions.

VI.

Faison contends that the district court lacked subject matter jurisdiction over his conduct under the Tenth Amendment. He relies upon *Bond v. United States,* 572 U.S. 844, 848 (2014), in which the Supreme Court held that the Chemical Weapons Convention Implementation Act (CWCIA) did not reach the purely local crime of simple assault. The Supreme Court stated that, "[b]ecause our constitutional structure leaves local criminal

9

activity primarily to the States," courts "generally decline[] to read federal law as intruding on that responsibility, unless Congress has clearly indicated that the law should have such reach." *Id.*

Initially, Faison was not convicted under the CWCIA. Moreover, Faison's criminal offenses all fall within the Commerce Clause, and the Government in *Bond* forfeited an argument that the CWCIA was constitutional as an exercise of Congress's commerce power. *Id.* at 854-55; *see also United States v. Wells,* 98 F.3d 808, 810-11 (4th Cir. 1996) (holding that § 922(g) constitutional under Commerce Clause). Thus, Faison's conduct was properly prosecuted in federal court.

VII.

Finally, Faison challenges the length of the new supervised release term imposed upon revocation of his supervised release. In a criminal case, a defendant must file his notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). The failure to comply with Rule 4(b)(1)(A) does not deprive this court of jurisdiction. *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009) ("[T]he non-statutory time limits in Appellate Rule 4(b) do not affect subject-matter jurisdiction."). However, "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss." *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017). Accordingly, because the Government has challenged the adequacy of the notice of appeal and because Faison's notice of appeal was filed well after the expiration of the appeal period, we dismiss the appeal as untimely.

10

Based on the foregoing, we affirm Faison's § 922(g) conviction and resulting sentence and dismiss his appeal from the revocation of his supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*