# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1704

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
    v.                       *    District Court for the
                             *    Northern District of Iowa.
Gregory Allen Sykes,         *
                             *
            Appellant.       *

_____

Submitted: December 16, 2003

Filed: January 26, 2004

_____

Before WOLLMAN, GIBSON, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Gregory Allen Sykes (Sykes) appeals from the 132-month sentence imposed by the district court[1] after pleading guilty to conspiracy to distribute 50 grams or more of cocaine base (crack cocaine), having been previously convicted of a felony drug trafficking offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. At Sykes's initial sentencing hearing in August 2001, the government moved

_____

[1]The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit Court of Appeals.

for a downward departure for substantial assistance pursuant to 18 U.S.C. § 3553(e) and section 5K1.1 of the Sentencing Guidelines. The district court granted the downward motion, sentencing Sykes to 170 months imprisonment and five years supervised release. Sykes did not appeal this sentence. Thereafter, in August 2002, the government filed a Rule 35(b) motion for reduction of sentence, and, in February 2003, the district court granted the motion, reducing Sykes's sentence from 170 to 132 months.[2]

On appeal, Sykes contends the prosecutor induced him to plead guilty by promising Sykes a sentencing recommendation below the maximum 10-year sentence he faced under Iowa law. Because Sykes failed to raise the issue at either his sentencing hearing or his Rule 35(b) motion hearing, we review for plain error. Fed. R. Crim. P. 52(b). We may notice a claimed error not raised below where the error is plain, affects the defendant's substantial rights, and seriously affects the fairness or integrity of the proceedings. United States v. Francis, 327 F.3d 729, 737 (8th Cir. 2003) (citing United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Green, 151 F.3d 1111, 1114 (8th Cir. 1998)).

Our record review convinces us the government made no sentencing promises to Sykes in exchange for his guilty plea. Sykes signed a plea agreement, which did not contain any promise or guarantee of a departure or any particular sentence. At his plea hearing on September 11, 2000, Sykes acknowledged no promises were made by the government other than those stated in the plea agreement. It is also significant Sykes did not appeal the district court's section 5K1.1 downward departure to 170 months.

---

[2]When Sykes pled guilty, he faced a sentence of 292 to 365 months under the Sentencing Guidelines. After granting both the government's section 5K1.1 and Rule 35(b) motions, the district court reduced Sykes's sentence nearly 55 percent from the lowest end of the guidelines range.

Exhibits A and B to Sykes's Addendum consist of two letters exchanged between the federal prosecutor and Sykes's state court attorney. The letters were not offered as evidence in the district court and are not part of the record on appeal. "Generally, an appellate court cannot consider evidence that was not contained in the record below." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993); see United States v. Patterson, 140 F.3d 767, 770 n.2 (8th Cir. 1998) (denying motion to supplement record on appeal with items not presented to district court). Even if Sykes had offered Exhibits A and B below, we find the federal prosecutor's letter makes no sentencing promises and is superceded by the plea agreement, which states as follows: (1) "The United States makes no promise as to the sentence to be imposed"; and (2) "The defendant understands that this plea agreement provides for no guarantee concerning the actual sentence to be imposed." We thus deny Sykes's motion to supplement the record on appeal, and grant the government's motion to strike both exhibits.

Sykes also contends the district court erred by not further reducing his sentence based on the government's Rule 35(b) motion. Absent an unconstitutional motive, the extent to which a district court exercises its discretionary authority to depart downward is not subject to review. United States v. Williams, 324 F.3d 1049, 1050 (8th Cir. 2003).

Accordingly, we affirm Sykes's sentence. See 8th Cir. R. 47B.

_____