# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3867

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Sergio Lopez, also known as | * | [UNPUBLISHED] |
| Santurnio Ibarra, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 7, 2004
Filed: September 13, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Sergio Lopez appeals the sentence the district court* imposed after Lopez pleaded guilty to knowingly possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Lopez's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the court should have granted Lopez a more generous downward departure under U.S.S.G. § 4A1.3. In his supplemental brief, Lopez argues the court incorrectly

_____

*The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

classified him as a career offender because one of the predicate state drug convictions was only for simple possession, and the court should not have relied on the quantity of methamphetamine stated in the presentence report (PSR) because Lopez pleaded guilty to a lesser amount.

As to counsel's argument, we will not review the extent to which the district court exercised its authority to grant a downward departure because there is no indication the court based its decision on an unconstitutional motive. See United States v. Sykes, 356 F.3d 863, 865 (8th Cir. 2004). As to Lopez's arguments, we conclude he was properly classified as a career offender under U.S.S.G. § 4B1.1 because he did not object to the PSR's description that each offense involved the sale of a controlled substance. See United States v. Newton, 259 F.3d 964, 967-68 (8th Cir. 2001). As to any alleged error in relying on the drug quantity stated in the PSR, in light of Lopez's career-offender classification, the court's drug-quantity finding did not affect his offense level or criminal history category, see U.S.S.G. § 4B1.1(b)(B); United States vo Horn, 187 F.3d 781, 792 (8th Cir. 1999), cert. denied, 529 U.S. 1029 (2000); United States v. Darden, 70 F.3d 1507, 1548 n.17 (8th Cir. 1995), cert. denied, 517 U.S. 1149 and 518 U.S. 1026 (1996). Finally, having conducted an independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Thus, we affirm the judgment of the district court and grant counsel's motion to withdraw.

_____