# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3110

———————

United States of America,       *
      *
           Appellee,       *
      *    Appeal from the United States
        v.       *    District Court for the Northern
      *    District of Iowa.
Dijuane Shante Townsend,       *
      *
           Appellant.       *

———————

Submitted: March 4, 2005
Filed: May 10, 2005

———————

Before RILEY, SMITH, and BENTON, Circuit Judges.

———————

RILEY, Circuit Judge.

Dijuane Shante Townsend (Townsend) pled guilty to possessing firearms after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). The district court[1] sentenced Townsend to 46 months imprisonment and three years supervised release. Townsend appeals, arguing (1) a prior Iowa burglary conviction should not have been counted in calculating his criminal history points, because the conviction was expunged, and (2) the burglary

———————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

conviction should not have been assigned two criminal history points, because the seventy-five days jail time he received for violating his probation did not result from "revocations of probation" as contemplated by the United States Sentencing Guidelines (Guidelines). We affirm.

## I.    BACKGROUND

Townsend was charged in a two-count indictment. The first count alleged Townsend violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by knowingly possessing firearms after having two previous convictions for failure to affix a drug tax stamp in violation of Iowa Code sections 453B.3 and 453B.12. The second count alleged Townsend violated 18 U.S.C. §§ 922(g)(9) and 924(a)(2) by knowingly possessing firearms after a previous conviction for a misdemeanor crime of domestic violence, in violation of Iowa Code sections 708.1 and 708.2(4). Townsend pled guilty to the second count, and the court dismissed the first count.

The United States Probation Office prepared a presentence investigation report (PSR), which outlined Townsend's prior criminal activity.[2] The PSR reported Townsend pled guilty in 1997 in Iowa state court to third-degree burglary of a business. Townsend received a deferred judgment and two years probation for the conviction. In October 1998, Townsend was found in contempt for violating his probation on the third-degree burglary conviction and was sentenced to thirty days in jail. In August 1999, Townsend again was found in contempt for probation

_____

[2]Townsend did not object to any of the facts stated in the PSR that are pertinent to this decision and admitted in his brief the details surrounding the third-degree burglary conviction. Townsend's pertinent objections related to the legal implications of these particular facts. The district court may accept as true any factual allegations (1) contained in the PSR to which the parties do not object specifically, or (2) that are admitted in the parties' briefs. United States v. Yahnke, 395 F.3d 823, 825 n.2 (8th Cir. 2005); United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (citing United States v. Montanye, 996 F.2d 190, 192-93 (8th Cir. 1993) (en banc)).

violations and was sentenced to forty-five days in jail. The state trial court later discharged Townsend's probation and expunged the file on the 1997 third-degree burglary conviction. In March 2001, Townsend was sentenced on two separate drug tax stamp violations, and he received a five-year suspended sentence and three years probation on the condition he spend one year in a community corrections center. In April 2001, Townsend was fined after being found guilty of assault. In June 2001, Townsend was fined after he pled guilty to assaulting his girlfriend.

Even though Townsend received a deferred judgment on the third-degree burglary conviction, the district court counted the conviction and the cumulative seventy-five days in jail Townsend received for the two probation violations, and assessed two criminal history points against Townsend. This calculation, when added to his other convictions, resulted in a criminal history category of IV and a total offense level of 17, for a sentencing range of 37 to 46 months imprisonment under the Guidelines. The district court sentenced Townsend to 46 months imprisonment and three years supervised release.

## II.   DISCUSSION
### A.   Expunged Iowa Conviction

Townsend argues the expunged third-degree burglary conviction should not have been counted in calculating his criminal history score, because expunged convictions are excluded from criminal history under section 4A1.2(j) of the Guidelines. "We review de novo the district court's construction and interpretation of Chapter Four of the Guidelines, and we review for clear error the district court's application of Chapter Four to the facts." United States v. Holland, 195 F.3d 415, 416 (8th Cir. 1999) (citation omitted). Decisions regarding offenses counted in a criminal history calculation are factual determinations subject to clear-error review. United States v. Paden, 330 F.3d 1066, 1067 (8th Cir. 2003). Under the advisory Guidelines, the district court still may make factual findings in the court's sentencing assessments. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information

concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); United States v. Booker, __ U.S. __, 125 S. Ct. 738, 757 (2005) ("The [] approach, which we now adopt, would . . . make the Guidelines system advisory while maintaining a strong connection between the sentence imposed and the offender's real conduct–a connection important to the increased uniformity of sentencing that Congress intended its Guidelines system to achieve."); United States v. Antonakopoulos, 399 F.3d 68, 80 (1st Cir. 2005) ("Under Booker, a judge may do such fact finding in determining the Guidelines range. Nothing in Booker requires submission of such facts to a jury so long as the Guidelines are not mandatory."). The sentence imposed must not be unreasonable. Booker, 125 S. Ct. at 765-66.

Congress has the constitutional authority for establishing and implementing sentencing goals. The Guidelines reflect the will of Congress and a Congressional desire for uniform and fair sentencing. See, e.g., 28 U.S.C. § 991(b)(1)(B) (noting one purpose of the United States Sentencing Commission (Commission) is to establish sentencing policies for the federal criminal justice system that provide certainty and fairness in sentencing and avoid unwarranted sentencing disparities); Id. § 994(f) (directing the Commission, in promulgating the Guidelines, to promote the purposes set out in section 991(b)(1), and to pay particular attention to the requirements of subsection 991(b)(1)(B)); U.S.S.G. ch. 1, pt. A (policy statement) (stating Congress' sentencing objectives are "an effective, fair sentencing system" sought through "honesty in sentencing[,] . . . uniformity in sentencing[, and] proportionality in sentencing"); Booker, 125 S. Ct. at 757, 767. Thus, our court must give the will of Congress, as represented in the Guidelines, due deference.

Under the Guidelines, courts are to add criminal history points for "each prior sentence," U.S.S.G. § 4A1.1, except for certain misdemeanors and petty offenses "for which criminal history points are added or not according to § 4A1.2(c)," United

States v. Martinez-Cortez, 354 F.3d 830, 831-32 (8th Cir. 2004). "A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered[.]" U.S.S.G. § 4A1.2(f). These prior adult diversionary dispositions are counted "if they involved a judicial determination of guilt or *an admission of guilt in open court*[,] . . . reflect[ing] a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2, cmt. n.9 (emphasis added). The Guidelines recognize various jurisdictions have different procedures by which prior convictions can be set aside or defendants pardoned for reasons unrelated to innocence or errors of law: "Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted." Id. cmt. n.10 (citing U.S.S.G. § 4A1.2(j)). Unfortunately, the Guidelines do not expressly define the term "expunged," United States v. Hines, 133 F.3d 1360, 1362 (10th Cir. 1998), but expunged convictions under section 4A1.2(j) appear to be those (1) reversed or vacated due to legal errors or later-discovered evidence exonerating the defendant, or (2) ruled constitutionally invalid. U.S.S.G. § 4A1.2, cmt. n.6.

The Iowa deferred judgment statute provides that, "upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered," the court, "[w]ith the consent of the defendant, . . . may defer judgment and may place the defendant on probation upon conditions as it may require. . . . Upon fulfillment of the conditions of probation and the payment of fees imposed . . . , the defendant shall be discharged without entry of judgment." Iowa Code § 907.3-907.3(1). The Iowa method of keeping records of deferred judgments is provided by statute: Upon a defendant's discharge from probation, if the judgment has been deferred, the court's criminal record of the deferred judgment is expunged. However, the record maintained by the state court administrator, as required by section 907.4, is not expunged, and expunction under section 907.9(4) is not absolute. See Iowa Code § 907.9(4). Court administrators are required to keep records of deferred

judgments. These records are exempt from public access, but are available to judges, court clerks, and county attorneys. Iowa Code § 907.4.

The United States Supreme Court has analyzed the subject Iowa statute. In Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 108 & n.4, 112-15 (1983), the Court considered whether Iowa's expunction provisions nullified the defendant's prior conviction for purposes of a federal statute. In concluding expunction does not alter the previous conviction's legality and does not mean a defendant was innocent of the prior crime, the Court observed, "[e]xpunction in Iowa means no more than that the State has provided a means for the trial court not to accord a conviction certain continuing effects under state law." Id. at 115.

Federal law, not state law, determines whether a prior sentence is counted for criminal history purposes. United States v. Morgan, 390 F.3d 1072, 1074 (8th Cir. 2004). "[A] state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category." Hines, 133 F.3d at 1363; see also Dickerson, 460 U.S. at 111-12 (observing that whether one previously was "convicted," as the term is defined under a federal statute, is a question of federal law, although the predicate offense is defined under state law, "mak[ing] for desirable national uniformity unaffected by varying state laws, procedures, and definitions"). Thus, when determining whether a conviction is "expunged" under the Guidelines, a court must examine the "basis" for the expunction. Hines, 133 F.3d at 1363-64. According to the First Circuit, "expungement within the meaning of the Guidelines's structure is best determined by considering whether the conviction was set aside because of innocence or errors of law." United States v. Dubovsky, 279 F.3d 5, 8-9 (1st Cir. 2002) (citing U.S.S.G. § 4A1.2(j)); see also United States v. Nicolace, 90 F.3d 255, 258 (8th Cir. 1996) (holding prior narcotics conviction, which had been "set aside" pursuant to federal statute, was properly included in calculation of criminal history category).

The Iowa deferred judgment is more properly considered a diversionary disposition that "result[s] from a finding or admission of guilt, or a plea of <u>nolo contendere</u>," U.S.S.G. § 4A1.2(f), because it follows only "a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered," Iowa Code § 907.3. Additionally, the Iowa Supreme Court has addressed the practical effects of expunction of deferred judgments. In <u>State v. Moore</u>, 569 N.W.2d 130, 131-32 (Iowa 1997), the court considered whether a deferred judgment expunged under section 907.9 is considered a prior plea or guilty verdict. <u>Id.</u> at 130-31. The defendant "urge[d] the effect of the expungement [was] to make the deferred judgment as if it never occurred." <u>Id.</u> The court first considered the statutory language to determine the legislative intent, finding it "clear the legislature did not intend to expunge all records of a deferred judgment and did not exonerate the person of the conviction." <u>Id.</u> The Iowa court observed that, "[i]mplicit in the permanent record kept by the state court administrator is the existence of a plea or verdict of guilty." <u>Id.</u> "If there had been no plea or verdict of guilty, a deferred judgment never would have been entered." <u>Id.</u> The court concluded that, while the Iowa legislature intended expunction of the deferred judgment would make the record unavailable to the public, the legislature also intended the record of the deferred judgment still would be available to courts and county attorneys. <u>Id.</u> at 131-32. Accordingly, the Iowa Supreme Court ruled the district court properly used the defendant's prior deferred judgment for operating while intoxicated (OWI) to enhance the defendant's punishment for a subsequent OWI, declaring the statute does not mandate expunction of the state court administrator's record, nor does the statute exonerate a defendant granted a deferred judgment. <u>Id.</u> at 130, 132.

We conclude Townsend's Iowa state-court conviction for third-degree burglary was not expunged due to constitutional invalidity, innocence, or a mistake of law, as required under the Guidelines. <u>See</u> U.S.S.G. § 4A1.2, cmt. n.6. Instead, the conviction was exempted from public access to permit Townsend a clean start and to restore some civil rights. The sealing of Townsend's record from public access did

not constitute expunction for purposes of U.S.S.G. § 4A1.2(j), and the district court properly counted the prior conviction in determining Townsend's criminal history category.

### B.    Two Points for Burglary Conviction

Townsend next claims that, even assuming the burglary conviction was not expunged for purposes of the Guidelines, the district court erred in assigning the conviction two criminal history points. Because Townsend did not raise this issue before the district court, our review is for plain error. Fed. R. Crim. P. 52(b); United States v. Sykes, 356 F.3d 863, 864 (2004). "We may notice a claimed error not raised below where the error is plain, affects the defendant's substantial rights, and seriously affects the fairness or integrity of the proceedings." Sykes, 356 F.3d at 864. On plain-error review, Townsend bears the burden to prove prejudice. United States v. Olano, 507 U.S. 725, 734-35 (1993).

Under the Guidelines, courts must add two criminal history points for every prior sentence of imprisonment of at least sixty days but less than one year and one month, and one criminal history point for shorter sentences, up to a total of four points. U.S.S.G. § 4A1.1(a)-(c). "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The Guidelines also provide, "[i]n the case of a prior revocation of probation, parole, [or] supervised release," the court is to "add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for §4A1.1(a), (b), or (c)[.]" U.S.S.G. § 4A1.2(k)(1).

Townsend received a deferred judgment for the burglary conviction, but while he was on probation, he twice was "[f]ound in contempt for probation violations" and received thirty and forty-five days in jail, for a total of seventy-five jail days on the burglary count and subsequent probation violations. Townsend contends his

probation "was never revoked and was successfully discharged in 1999." Thus, Townsend argues, there were no probation revocations under section 4A1.2(k)(1), and the district court should not have added two criminal history points under section 4A1.1(b).

"Like any other federal statute, the Guidelines must be interpreted in accordance with federal law, even when those Guidelines refer to some event occurring in state court." United States v. Reed, 94 F.3d 341, 344 (7th Cir. 1996); see also Dickerson, 460 U.S. at 119-120 (noting that, absent a plain indication to the contrary, it is assumed Congress does not intend application of federal statutes to be dependent on state law, "because the application of federal legislation is nationwide and at times the federal program would be impaired if state law were to control"). "Nothing in section 4A1.2(k)(1) suggests that we should look to state law in determining what constitutes a 'revocation of probation.'" Reed, 94 F.3d at 344. In reviewing the district court's application of the Guidelines, we must look beyond the terminology the Iowa state court employed when it sentenced Townsend for his probation violations.

Section "4A1.2(k)(1) contemplates that, in calculating a defendant's total sentence of imprisonment for a particular offense, the district court will aggregate any term of imprisonment imposed because of a probation violation with the defendant's original sentence of imprisonment, if any, for that offense." United States v. Glover, 154 F.3d 1291, 1294 (11th Cir. 1998). "[W]hen a defendant has been given a suspended sentence of imprisonment and been placed on probation, and the court has thereafter, upon finding he violated probation, ordered him to serve a period of incarceration, we think it proper to view that order as at least a partial revocation of probation that falls within the scope of Guidelines § 4A1.2(k)(1)." United States v. Glidden, 77 F.3d 38, 40 (2d Cir. 1996) (per curiam).

Similar to the situation in <u>Reed</u>, nothing in the PSR indicates Townsend's probation was revoked following his guilty plea to the burglary. <u>See</u> <u>Reed</u>, 94 F.3d at 344. The PSR does, however, indicate probation violations occurred, and Townsend received two jail terms for those violations. After reviewing the Guidelines, the Seventh Circuit in <u>Reed</u> reached the "conclusion that the finding of a probation violation coupled with a time-served imprisonment sentence and a resentencing to probation constitutes a 'revocation of probation' under section 4A1.2(k)(1)." <u>Id.</u> at 345. In this case, Townsend was "[f]ound in contempt for probation violations" in Iowa state court, and the jail terms he received were imposed due to probation violations. That the incarcerations following Townsend's probation violations were not each labeled a "revocation of probation" is not controlling. <u>Id.</u> We do not look to state-law terminology in construing the Guidelines. <u>See id.</u> at 344. Therefore, we reject Townsend's argument that the thirty-day and forty-five-day jail terms imposed pursuant to the state trial court's findings of contempt for probation violations should not be counted in determining the total term of his prior sentence of imprisonment pursuant to section 4A1.2(k)(1).

Even assuming the sentences could not be considered revocations of probation, the seventy-five days Townsend spent in jail after being found in contempt for probation violations was countable under section 4A1.1(b), under which courts must add two criminal history points for every prior sentence of imprisonment of at least sixty days. As noted, "[t]he term 'prior sentence' means any sentence previously imposed upon the adjudication of guilt . . . for conduct not part of the instant offense." <u>United States v. Copeland</u>, 45 F.3d 254, 256 (8th Cir. 1995) (quoting U.S.S.G. § 4A1.2(a)(1)). The prior sentence need only be "imposed prior to sentencing on the instant offense." U.S.S.G. § 4A1.2 cmt. n.1. Because the sentences were imposed prior to sentencing on Townsend's instant offense, the two sentences were properly counted in calculating his criminal history. The district court did not plainly err.

## III.   CONCLUSION

Because Townsend's prior burglary conviction was not reversed due to errors of law or ruled constitutionally invalid, the district court properly considered the conviction in determining his criminal history. The district court also correctly counted Townsend's jail terms, imposed due to his previous contempts of probation, in calculating Townsend's aggregate prior sentence of imprisonment. We affirm Townsend's sentence.

—————————————————————