# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2305

_____

United States of America,          *

                                 *

          Appellee,     *   Appeal from the United States

                                 *   District Court for the Southern

   v.                      *   District of Iowa.

                                 *

Carla Jane Alexander,      *       [UNPUBLISHED]

                                 *

          Appellant.    *

_____

Submitted: March 13, 2006
Filed: March 20, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

     Carla Jane Alexander pleaded guilty to concealing work activity from the Social Security Administration. Alexander did not stipulate to an amount of loss. At Alexander's post-<u>Booker</u> sentencing, the district court[*] took evidence on the amount of loss and sentenced Alexander below the advisory guidelines range to a year and a day in prison and three years of supervised release.

_____

[*]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Alexander appeals asserting her Fifth and Sixth Amendment rights were violated when the district court found the amount of loss by a preponderance of the evidence. Because the district court applied the guidelines in an advisory manner, the court was only required to find the amount of loss by a preponderance of evidence. United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc). Contrary to Alexander's assertion, the district court could take evidence during the sentencing hearing and find the amount of loss based on that evidence. United States v. Townsend, 408 F.3d 1020, 1022 (8th Cir. 2005).

Alexander also contends the court's amount-of-loss finding is too high. According to Alexander, the district court should have considered evidence tending to contradict the Government's claim that Alexander would not have qualified for disability payments absent her concealment of work activity, and did not properly consider how the social security administration determines eligibility for disability payments in the face of reported work activity. We review the district court's calculation of loss for clear error, United States v. Craiglow, 432 F.3d 816, 820 (8th Cir. 2005), and find none. Having carefully reviewed the record, we conclude the district court's method for calculating the amount of loss was reasonable. Id. A government agent testified about the amount of benefits paid and Alexander's ineligibility for any of the benefits given her substantial gainful activity. The court permitted Alexander to cross-examine the witness about partial eligibility for benefits, and merely warned counsel his line of questioning was inconsistent with Alexander's plea agreement.

We thus affirm Alexander's sentence.

_____