# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4099

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Melanie Fortner, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  May 18, 2006
Filed:  May 24, 2006

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Melanie Fortner (Fortner) appeals her 188-month sentence imposed by the district court[1] after she pled guilty to one count of conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846.  We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

In the plea agreement, Fortner admitted to a relevant drug quantity "in excess of 15 kilograms of methamphetamine." Also in the plea agreement, Fortner waived her right to appeal any issues to which the parties agreed under the terms of the plea agreement. The presentence investigation report (PSR), in conformity with the plea agreement, attributed in excess of fifteen kilograms of methamphetamine to Fortner, establishing a base offense level of 38. Fortner did not object to the PSR's estimate of drug quantity.

After an evidentiary hearing, the district court, over the government's objection, granted Fortner a 3-level Guidelines reduction for acceptance of responsibility, resulting in an adjusted offense level of 35. Given Fortner's criminal history category of II, the advisory Guidelines range was 188 to 235 months' imprisonment. The district court sentenced Fortner at the bottom of the advisory Guidelines range.

Fortner now challenges her sentence, arguing it is unreasonable because the district court earlier found two of her co-defendants responsible for less than 1.5 kilograms of methamphetamine.[2] In response, the government contends Fortner waived her right to appeal the issue of drug quantity. We agree. See United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003) (en banc) (holding a valid waiver of appellate rights forecloses appeal of sentencing issues). Although the district court attributed less than 1.5 kilograms of methamphetamine to two of Fortner's co-defendants, Fortner stipulated in her plea agreement to a relevant drug quantity in excess of fifteen kilograms of methamphetamine. Fortner's knowing and voluntary stipulation to the drug quantity, with no objection to the PSR's drug quantity finding or to the court's acceptance of her drug quantity agreement, constituted a valid waiver. See United States v. Townsend, 408 F.3d 1020, 1021-22 n.2 (8th Cir. 2005) (holding a district court at sentencing may accept as true any factual allegations contained in

_____

[2]The district court found two other co-defendants responsible for in excess of fifteen kilograms of methamphetamine.

a PSR unless the defendant specifically objects to those facts); <u>United States v. Early</u>, 77 F.3d 242, 244 (8th Cir. 1996) (holding a defendant may not challenge an application of the Guidelines to which she stipulated in a plea agreement, unless she alleges and proves the agreement is invalid or she otherwise succeeds in withdrawing from it).

Accordingly, we affirm Fortner's sentence.

_____