# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3371

_____

United States of America,           *
                                           *

Appellee,     *
                                           *   Appeal from the United States

v.                  *   District Court for the
                                         *   Western District of Missouri.

Mark Walker,             *
                                         *       [UNPUBLISHED]

Appellant.     *

_____

Submitted: June 15, 2006
Filed: June 20, 2006

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Mark Walker (Walker) pled guilty to conspiring to distribute more than 500 grams of methamphetamine mixture, in violation of 21 U.S.C. § 846. He initially filed a written objection to the presentence report's (PSR) recommendation that he be held responsible for 15 kilograms or more of methamphetamine mixture. However, Walker withdrew this objection in open court at the sentencing hearing. The district court[1] sentenced him to 235 months in prison and 5 years of supervised release.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

On appeal, Walker argues that his sentence is unreasonable under United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a), because the district court later held two of his co-conspirators, who contested their drug quantities at sentencing, responsible for more than 500 grams but less than 1.5 kilograms of methamphetamine mixture. We conclude, by withdrawing his drug-quantity objection below, Walker waived this argument, precluding appellate review. See United States v. Olano, 507 U.S. 725, 733-34 (1993) (waiver is intentional relinquishment or abandonment of known right, and it precludes appellate review even for plain error); United States v. Fortner, No. 05-4099, 2006 WL 1409963 (8th Cir. May 24, 2006) (per curiam) (unpublished) (holding defendant waived her right to appeal sentencing issues when she did not object to the PSR quantity calculation); United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (where defendant's lawyer raised but then withdrew objection, defendant waived issue under Olano and was precluded from arguing it on appeal).

Accordingly, we affirm the judgment of the district court.

_____