# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2870

_____

United States of America,

        Appellee,

           v.

Juan C. Aguilar,

        Appellant.

\*       Appeal from the United States
\*       District Court for the
\*       District of Nebraska.
\*       [UNPUBLISHED]

_____

Submitted: December 12, 2007
Filed: December 19, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Juan C. Aguilar brings this appeal to challenge the size of the Rule 35(b) reduction in sentence that was granted by the district court.[1] As we explain below, Aguilar's appeal must be dismissed for lack of appellate jurisdiction.

Pursuant to a plea agreement, Aguilar pled guilty in November 2003 to violating 21 U.S.C. §§ 841 (a)(1), 846 and 18 U.S.C. § 924(c)(1)(A), conceding that he had conspired to traffic in 500 grams or more of methamphetamine and possessed

_____

[1] The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

a firearm in furtherance of the crime. Aguilar agreed to cooperate with other government investigations in exchange for the government's potential request for a downward departure or request for a reduced sentence.

The district court initially sentenced Aguilar to 188 months of imprisonment for the drug conspiracy charge, in addition to a mandatory consecutive 60 months for the firearm charge. A year later, the government filed a motion to reduce Aguilar's sentence by 25% pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The district court granted the motion and reduced the drug conspiracy sentence to 134 months, but maintained the 60 month firearm sentence. In response to a question by the Assistant United States Attorney, the district court confirmed that the 60 month sentence was to run consecutively with the drug conspiracy sentence. Neither Aguilar nor his counsel sought further clarification from the court. Aguilar now argues that the district court did not recognize its authority to reduce Aguilar's sentence for the firearm charge.

Appellate jurisdiction over a defendant's Rule 35(b) sentence reduction is governed by 18 U.S.C. § 3742(a). United States v. Haskins, 479 F.3d 955, 957 (8th Cir. 2007) (per curiam). Absent an unconstitutional motive, we lack jurisdiction to review a district court's ruling on a Rule 35(b) motion. Id.; United States v. Sykes, 356 F.3d 863, 865 (8th Cir. 2004). There is no allegation of an unconstitutional motive on the part of the district court. Aguilar suggests that we may review the discretionary denial of a motion for a reduction in sentence if the district court determined that it lacked the authority to consider such a motion. But he did not object to the maintenance of the 60-month firearm sentence and did not seek a declaration as to whether the district court had the authority to reduce it. There is no basis for Aguilar's argument.

The appeal is dismissed for lack of jurisdiction.

_____