# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1305

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Kristian D. Nelson, | * | **[TO BE PUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 14, 2009
Filed: December 21, 2009

_____

Before LOKEN, Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

PER CURIAM.

Kristian D. Nelson pleaded guilty to wire fraud and being a felon in possession of a handgun. At sentencing, he argued that his prior Arkansas sentence for a "hot checks/personal services" offense should not count in calculating his criminal history category under § 4A1.1 of the advisory guidelines because that conviction was "expunged" under Arkansas law, and § 4A1.2(j) provides: "Sentences for expunged convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category)." Correctly applying our prior decision in United States

v. Townsend, 408 F.3d 1020, 1024 (8th Cir. 2005), the district court[1] concluded that the sentence counts because the Arkansas conviction "was not expunged due to constitutional invalidity, innocence, or a mistake of law, as required under the Guidelines." The court sentenced Nelson to 71 months in prison, the top of his resulting advisory guidelines range.

On appeal, Nelson first urges us to overrule Townsend as contrary to the plain meaning of § 4A1.2(j). This we may not do. "[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." United States v. Hacker, 565 F.3d 522, 525 (8th Cir.) (quotation omitted), cert. denied, 130 S. Ct. 302 (2009). Moreover, we note that Townsend is consistent with the vast majority of circuit court decisions that considered this issue and concluded that, "expungement within the meaning of the Guidelines's structure is best determined by considering whether the conviction was set aside because of innocence or errors of law." United States v. Dubovsky, 279 F.3d 5, 8-9 (1st Cir. 2002); see U.S.S.G. § 4A1.2, cmt. nn. 6, 10.

Nelson also argues that Townsend should not control because it concerned a conviction expunged under Iowa law, whereas the Arkansas expungement statute at issue in this case provides, more comprehensively, that the "underlying conduct shall be deemed as a matter of law never to have occurred." Ark. Code Ann. § 16-90-902. However, our decision in Townsend was predicated on the *basis* for expunging the state conviction, not on the *effect* of expungement. 408 F.3d at 1025. We relied in part on the Tenth Circuit's decision in United States v. Hines, 133 F.3d 1360, 1365-66 (10th Cir. 1998), which applied § 4A1.2(j) to an Arkansas statute. Hines relied in turn on a Supreme Court of Arkansas decision holding that a prior version of the Arkansas expungement statute permitted consideration of the expunged conviction under the State's habitual offender laws. Gosnell v. State, 681 S.W.2d 385 (Ark. 1984). The

---

[1]The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas.

point of these decisions, which applies in this case as well, is that this type of expungement statute limits public access to the records of a defendant's prior conviction "in order to restore his civil rights and give him a new start in the work place and as a citizen," but it does not permit him to commit more crimes free of additional punishment based upon his recidivism. <u>Hines</u>, 133 F.3d at 1366.

The judgment of the district court is affirmed.

_____