NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 20, 2012
Decided August 22, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3104

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 CR 417 |
| PEDRO HERNANDEZ-LOPEZ, | |
| *Defendant-Appellant.* | James B. Zagel, |
| | *Judge.* |

## O R D E R

Pedro Hernandez-Lopez, an undocumented Mexican citizen, was arrested in Chicago in 2009 and charged in state court with aggravated robbery. That charge remains pending, but because Hernandez-Lopez already had been removed from the United States three times before this arrest, he was charged in federal court with being in the United States illegally after removal. *See* 8 U.S.C. § 1326(a). He pleaded guilty to that charge. The district court calculated a total offense level of 21: a base offense level of 8, plus 16 levels because Hernandez-Lopez had been deported after a conviction for a felony crime of violence, less 3 levels for acceptance of responsibility. *See* U.S.S.G. §§ 2L1.2(a), (b)(1)(A)(ii), 3E1.1. With a criminal-history category of VI, Hernandez-Lopez faced a guidelines imprisonment range of 77 to 96 months. The court imposed a sentence of 77 months. Hernandez-Lopez filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Hernandez-Lopez has not filed a response. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Hernandez-Lopez might challenge the validity of his guilty plea. Counsel does not say whether he discussed this possible issue with Hernandez-Lopez, *see United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), but the lawyer's thorough discussion of the plea colloquy and our own review of the record on appeal convince us that a challenge to the guilty plea would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel did not identify any deficiency in the plea colloquy, during which the court ensured that a factual basis exists for the § 1326(a) charge and that Hernandez-Lopez was pleading guilty voluntarily with a full understanding of the charge, the possible penalties, and the rights he would give up by pleading guilty. *See* FED. R. CRIM. P. 11(b).

Counsel next considers whether Hernandez-Lopez could challenge his criminal-history score but appropriately rejects this potential argument as frivolous. Counsel focuses on two criminal-history points that Hernandez-Lopez received on a conviction for disorderly conduct, which was based on his assault of a fellow detainee while he was in pretrial detention for this case. Counsel is correct that Hernandez-Lopez properly received points for the disorderly conduct conviction because he was convicted and sentenced for that crime before the sentencing in this case, U.S.S.G. § 4A1.2 cmt. n.1; *United States v. Townsend*, 408 F.3d 1020, 1026 (8th Cir. 2005), and that the conviction warranted two points rather than just one because he was sentenced to more than 60 days in jail for that crime, *id.* § 4A1.1(b); *United States v. Williams*, 553 F.3d 1073, 1083 (7th Cir. 2009).

Counsel next considers whether Hernandez-Lopez could argue that the district court improperly failed to consider his fast-track argument. But counsel is correct that this potential argument would be frivolous. A district court need not consider a fast-track argument unless the defendant has satisfied the minimum eligibility criteria and shown that he would qualify for a reduced sentence in at least one district with a fast-track program, which Hernandez-Lopez made no attempt to do. *United States v. Ramirez*, 675 F.3d 634, 642 (7th Cir. 2011). In any event, the district court did discuss Hernandez-Lopez's argument, but decided that the other factors in 18 U.S.C. § 3553(a) pointed to the conclusion that a sentence commensurate with a fast-track reduction would be too low.

Counsel last considers whether Hernandez-Lopez could challenge the reasonableness of his prison sentence. That sentence is at the low end of the guidelines range and entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Counsel has not identified

any reason to set aside that presumption, nor can we. Looking to the factors in 18 U.S.C. § 3553(a), the district court acknowledged that Hernandez-Lopez came to the United States in search of economic opportunity, but explained that a within-guidelines sentence was appropriate because Hernandez-Lopez repeatedly entered this country illegally.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.