# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1982

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 2, 2015
Filed: November 9, 2015
[Unpublished]

_____

Before WOLLMAN, BYE, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Johnson directly appeals after he pleaded guilty to a federal drug charge, and the district court[1] varied downward from the calculated Guidelines range

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

and imposed the statutory minimum sentence.  His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging a partial appeal waiver in Johnson's plea agreement and questioning the district court's determination of Johnson's relevant conduct.  Johnson has filed a pro se supplemental brief asserting ineffective-assistance claims, challenging the court's assessment of criminal history points for a prior conviction, and arguing that counsel coerced his guilty plea.

Upon careful de novo review, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review), we conclude that the partial appeal waiver is enforceable and precludes our consideration of the relevant-conduct issue, see United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers).  By contrast, we conclude that Johnson's pro se criminal-history challenge falls outside the scope of the waiver, but that this challenge fails on the merits.  See U.S.S.G. §§ 4A1.2(e)(1), (k)(2)(A); United States v. Townsend, 408 F.3d 1020, 1022 (8th Cir. 2005) (standards of review).  As to the ineffective-assistance claims, we decline to consider them on direct appeal, see United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005), and to the extent Johnson's coerced-plea argument implies that his plea was involuntary, we conclude that the argument is not cognizable on direct appeal, see United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006).

Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver.  The judgment is affirmed, and we grant counsel leave to withdraw.

_____