# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3631
_____

United States of America

*Plaintiff - Appellee*

v.

Marvie Chapman, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: October 14, 2019
Filed: November 25, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Marvie Chapman, Jr. pled guilty to conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  The

district court[1] sentenced him as a career offender to a below-guidelines sentence of 240 months' imprisonment. He challenges the career offender determination under U.S.S.G. § 4B1.1. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Under U.S.S.G. § 4B1.1(a), a "defendant is a career offender" if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Chapman concedes he has one prior controlled substance offense. However, he argues his 2004 Iowa conviction for possession of a controlled substance with intent to deliver is not a controlled substance offense because Iowa Code § 124.401(1)(b) is divisible and broader than the generic definition of a controlled substance offense. This court reviews a career offender classification de novo. *United States v. Boose*, 739 F.3d 1185, 1186 (8th Cir. 2014).

Determining whether a prior conviction is a controlled substance offense, this court applies the categorical approach, considering "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding controlled substance offense." *United States v. Maldonado*, 864 F.3d 893, 897 (8th Cir. 2017) (cleaned up). Under the generic definition, a controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). At the time of his conviction, Iowa Code § 124.401(1) prohibited the "manufacture, deliver[y], or possess[ion] with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance." Iowa Code § 124.401(1). As this court held in *Maldonado*, Iowa Code § 124.401(1) "categorically fit[s] within the generic federal definition" of a controlled substance offense. *Maldonado*, 864 F.3d at 901. Although Chapman disagrees with this holding, this panel is bound by it. *See United States v. Nelson*, 589 F.3d 924, 925 (8th Cir. 2009) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

Chapman has two prior controlled substance offenses. The district court properly found he is a career offender under U.S.S.G. § 4B1.1.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____