# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3136

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Scott Jepsen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 26, 2019
Filed: December 18, 2019

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

On May 7, 2018, Christopher Scott Jepsen pleaded guilty to possessing child pornography on August 5, 2014, in violation of 18 U.S.C. § 2252(a)(4)(B). In the conditional plea agreement, Jepsen reserved the right to appeal the mandatory minimum ten-year sentence that would result if his 2011 Iowa conviction for third

degree sexual abuse was a "prior conviction" under § 2252(b)(2). The district court[1] concluded that the 2011 Iowa conviction was a "prior conviction" and denied Jepsen's motion to strike the § 2252(b)(2) enhancement. Jepsen appeals his 120-month sentence. The issue turns on the effect under federal law of a state court order correcting the 2011 Iowa Judgment and Sentence which was entered after Jepsen committed his federal offense in 2014 but before he was indicted. Whether a state law conviction is a "prior conviction" for purposes of the § 2252(b) enhancement is an issue of federal law we review *de novo*. United States v. Gauld, 865 F.3d 1030, 1032 (8th Cir. 2017) (en banc). We affirm.

**I.**

On August 24, 2011, an Iowa jury found Jepsen guilty of two counts of third degree sexual abuse in violation of Iowa Code §§ 709.4(2)(b) and (2)(c)(4). On September 23, the state court entered a Judgment and Sentence sentencing Jepsen to consecutive ten-year prison terms on each count, suspending imprisonment, and placing him on probation for five years. Three years later, after Jepsen admitted to using the internet to obtain child pornography, the State moved to revoke probation. It also determined that one of Jepsen's 2011 offenses made him ineligible for a suspended sentence under Iowa law and moved to correct an illegal sentence.

On January 29, 2016, the state court entered a Corrected Judgment and Sentence declaring that "[t]he Judgment and Sentence filed September 23, 2011, is void and vacated," and sentencing Jepsen to concurrent ten-year prison terms on the two sexual abuse counts. On February 1, 2016, the court issued a "clarification" Order stating that the 2011 Judgment and Sentence is void and vacated "except to the extent any terms were reaffirmed and incorporated into the . . . Corrected Judgment

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

-2-

and Sentence." Later that month, a federal grand jury indicted Jepsen for violating 18 U.S.C. § 2252(a)(4)(B) by obtaining child pornography on August 5, 2014.

## II.

A defendant who violates § 2252(a)(4) is subject to a ten-year mandatory minimum sentence if he has a "prior conviction" for an offense listed in 18 U.S.C. § 2252(b)(2). The issue is whether Jepsen's 2011 conviction is a "prior conviction" under § 2252(b)(2). The parties agree that Iowa third degree sexual abuse is a qualifying offense and that "prior" means a conviction that occurred before Jepsen committed the federal offense. See United States v. Talley, 16 F.3d 972, 977 (8th Cir. 1994); United States v. King, 509 F.3d 1338, 1343 (11th Cir. 2007) (interpreting "prior conviction" in 18 U.S.C. § 2252A(b)(2)). Jepsen argues he lacked a state "conviction" at the time of his 2014 federal offense because the 2016 Corrected Judgment and Sentence declared the 2011 Judgment and Sentence "void and vacated." The government argues the February 1, 2016, Order confirmed that the Corrected Judgment and Sentence did not affect the state court jury's August 2011 finding of guilt that, in the government's view, determines when a "conviction" occurred.

The applicable child pornography statutes do not define the term "conviction" in § 2252(b)(2). See 18 U.S.C. § 2256. Looking at the United States Code more generally, "the meaning of the terms 'convicted' and 'conviction' vary from statute to statute." Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 113 n.7 (1983). Judge Posner has observed, "The word 'conviction' is a chameleon." Harmon v. Teamsters Local Union 371, 832 F.2d 976, 978 (7th Cir. 1987). Closer to the issue in this case, the Supreme Court observed in Deal v. United States "that the word 'conviction' can mean either the finding of guilt or the entry of a final judgment." 508 U.S. 129, 131 (1993). The Court in Deal, interpreting the term "second or subsequent conviction" in 18 U.S.C. § 924(c)(1), applied the "fundamental principle of statutory construction

-3-

(and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." Id. at 132, citing King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991).[2]

The parties argue on appeal, as they did to the district court, that this issue requires us to decide whether a "conviction" under § 2252(b)(2) requires a judgment of conviction and the imposition of punishment, or merely a finding of guilt. The district court, agreeing with the government, concluded that "Eighth Circuit precedent compels me to conclude that 'prior conviction' within the meaning of § 2252(b)(2) requires only a finding of guilt by a court or a jury." We have interpreted the term "prior conviction" in 18 U.S.C. § 2252A(b)(2) as including a plea of *nolo contendere* that "resulted in a finding of guilt with adjudication withheld." United States v. Storer, 413 F.3d 918, 922 (8th Cir. 2005). But Jepsen argues that Storer does not resolve whether a "conviction" can precede sentencing because a plea of *nolo contendere* results in "some form of punishment." Therefore, he urges us to follow the decision in United States v. Pratt, No. 12-20196, 2012 WL 2847573, at *2 (E.D. Mich. July 11, 2012), where the government was denied an enhancement for a state conviction when the federal offense occurred after entry of the state court guilty plea but before imposition of the sentence. The court concluded that the meaning of "prior conviction" in § 2252A(b)(2) is ambiguous, applied the rule of lenity, and denied the statutory enhancement. Id. at *4-7.

---

[2]Congress has recurring interest in these issues of statutory construction. The Court's decision in Dickerson was legislatively amended by the Firearms Owners' Protection Act, Pub. L. No. 99-308, 100 Stat. 449, see Logan v. United States, 552 U.S. 23, 27-28 (2007); and its interpretation of 18 U.S.C. § 924(c)(1) in Deal was legislatively superseded by The First Step Act of 2018, Pub. L. 115-391, § 403(a), 132 Stat. 5221, see United States v. Davis, 139 S. Ct. 2319, 2324 n.1 (2019).

We conclude we do not need to decide whether a finding of guilt is always sufficient to establish a "prior conviction" because this case presents a significantly different issue than the one in <u>Pratt</u>. Jepsen conceded at oral argument that entry of the Judgment and Sentence on September 23, 2011, made his third degree sexual abuse conviction a "prior conviction" under § 2252(b)(2) by either definition of the word "conviction" -- there was a finding of guilt by the jury *and* an adjudication of guilt and imposition of punishment by the court. It was still a "prior conviction" nearly three years later, when Jepsen committed his federal offense on August 5, 2014. But, Jepsen argues, it was not a prior conviction once the state court declared the Judgment and Sentence "void and vacated" and entered a Corrected Judgment and Sentence on January 29, 2016, prior to his federal indictment. Thus, he contends, the enhancement cannot apply because a void judgment is a legal nullity.

The Supreme Court of Iowa considers a suspended sentence that was not authorized by statute to be a "void sentence" that an Iowa court may correct at any time. <u>State v. Ohnmacht</u>, 342 N.W.2d 838, 842-43 (Iowa 1983); <u>see</u> Iowa R. Crim. Pro. 2.24(5)(a). Jepsen's argument equates a void sentence with a void judgment or conviction. But the Supreme Court of Iowa has never even hinted that a sentence that is "void" because it was more favorable to the defendant than the Iowa Legislature permitted invalidates the underlying conviction. Moreover, in construing the word "conviction" in § 2252(b)(2), "Iowa's law is not federal law, and it does not control our decision here." <u>Dickerson</u>, 460 U.S. at 114 n.9.

Turning to that question of federal law, this case involves a recurring issue: when does a subsequent modification of a qualifying state conviction preclude or invalidate a federal sentencing enhancement? The issue has arisen in many contexts. On the one hand, "courts recognize an obvious exception to the literal language of federal recidivist statutes imposing enhanced penalties . . . where the predicate conviction has been vacated or reversed on direct appeal." <u>United States v. Sanders</u>,

-5-

909 F.3d 895, 903 (7th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 2661 (2019), quoting <u>Dickerson</u>, 460 U.S. at 115; <u>see</u> <u>Arreola-Castillo v. United States</u>, 889 F.3d 378, 381 (7th Cir. 2018) (defendant can reopen sentence under 18 U.S.C. § 841(b)(1)(A) after enhancing convictions vacated due to ineffective assistance of counsel); <u>United States v. Simard</u>, No. 2:10-CR-47, 2019 WL 5704226, at *1 (D. Vt. Nov. 5, 2019) (federal sentence corrected after state court vacated "prior conviction" supporting § 2252(b)(2) enhancement); <u>cf.</u> <u>Johnson v. United States</u>, 544 U.S. 295, 303 (2005).

The Supreme Court held in <u>Dickerson</u>, on the other hand, that an Iowa statute expunging a deferred judgment of conviction after the defendant completed probation did not nullify the conviction under federal law because "expunction does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty." 460 U.S. at 115. We applied that reasoning in <u>United States v. Townsend</u>, concluding that expunction of a deferred judgment under Iowa law did not disqualify the conviction as a "prior sentence" under USSG § 4A1.1, in part because it "did not exonerate the person of the conviction." 408 F.3d 1020, 1024 (8th Cir. 2005) (quotation omitted); <u>accord</u> <u>United States v. Nelson</u>, 589 F.3d 924, 925 (8th Cir. 2009) ("our decision in <u>Townsend</u> was predicated on the *basis* for expunging the state conviction, not on the *effect* of expungement"), <u>cert. denied</u>, 559 U.S. 1113 (2010). As then-Judge Gorsuch explained in <u>United States v. Dyke</u>, the federal question "is whether the defendant was previously convicted, not the particulars of how state law later might have, as a matter of grace, permitted that conviction to be excused, satisfied, or otherwise set aside." 718 F.3d 1282, 1293 (10th Cir. 2013).

The same reasoning has been applied in construing other federal sentencing enhancements. In <u>United States v. Norbury</u>, the Ninth Circuit concluded that a state court conviction subsequently dismissed with prejudice because defendant complied with the Sentence and Judgment qualified as a "prior conviction" under 21 U.S.C.

§ 841(b)(1) because the dismissal "neither alters the legality of the conviction nor indicates that Norbury was actually innocent of the crime." 492 F.3d 1012, 1014-15 (9th Cir. 2007), cert. denied, 552 U.S. 1239 (2008). Likewise, in United States v. Martinez-Cortez, we concluded that state court sentences modified after they were served "for reasons unrelated to [defendant's] innocence or errors of law" should be counted in calculating his criminal history score under the Guidelines. 354 F.3d 830, 832-33 (8th Cir.), cert. denied, 543 U.S. 847 (2004).

The enhancement in § 2252(b)(2) increases the punishment imposed on a repeat offender. When construing a sentence enhancement that combats recidivism, "[t]hat purpose would not be served by affording a defendant relief from his federal sentence whenever a state provides him procedural relief related to a previous state conviction after he has already committed another federal . . . offense." United States v. London, 747 F. App'x 80, 85 (3d Cir. 2018); accord Sanders, 909 F.3d at 903; United States v. Diaz, 838 F.3d 968, 974-75 (9th Cir. 2016), cert. denied sub nom. Vasquez v. United States, 137 S. Ct. 840 (2017).

Applying these principles, we conclude that Jepsen's 2011 third degree sexual abuse conviction is a "prior conviction" that qualifies for the § 2252(b)(2) enhancement. The Corrected Judgment and Sentence, entered in 2016 long after Jepsen committed this federal offense, was not based on constitutional invalidity, trial error, or actual innocence. As the Order clarifying the Corrected Judgment and Sentence made clear, the sentence correction did not "alter the legality" of the conviction or "signify that [Jepsen] was innocent of the crime." Dickerson, 460 U.S. at 115. Quite the contrary, the prosecution was granted this belated relief because the original sentence imposed *less* punishment than the Legislature permitted. Accordingly, as a matter of federal law, the conviction qualifies for the § 2252(b)(2) enhancement whether or not the word "conviction" is construed as always requiring

an adjudication of guilt and imposition of sentence as well as a finding of guilt. We leave that broader interpretive question to another day.

The judgment of the district court is affirmed.

_____