# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2344
_____

United States of America

*Plaintiff - Appellee*

v.

Bryant Taylor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: October 31, 2022
Filed: November 3, 2022
[Unpublished]
_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Bryant Taylor appeals the 120-month prison sentence the district court[1] imposed after he pled guilty to drug and firearm offenses, pursuant to a plea

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

agreement containing a partial appeal waiver. Having jurisdiction under 28 U.S.C. § 1291, this court enforces the appeal waiver, and otherwise affirms.

Taylor entered a guilty plea waiving his right to appeal all sentencing issues other than criminal history if the district court imposed an aggregate prison sentence between 96 and 120 months. Counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court failed to adequately consider certain mitigating factors in imposing the sentence. Counsel and Taylor also challenge the assessment of 1 criminal history point for a 2014 third-degree domestic assault conviction.

Counsel's challenge to the weighing of sentencing factors is barred because the argument falls within the scope of the appeal waiver, the record shows that Taylor entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). The challenge to the criminal history point—while outside the scope of the appeal waiver—fails on the merits, because the point was correctly assessed. *See United States v. Townsend*, 408 F.3d 1020, 1022 (8th Cir. 2005) (standard of review); *see also* U.S.S.G. §§ 4A1.1(c), 4A1.2(a)(3), (c).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

This court enforces the appeal waiver as to counsel's sentencing factors challenge, and affirms the judgment in all other respects. Counsel is granted leave to withdraw.

_____